## VAN VECHTEN V. SMITH.

1. **Instruction**: ISSUE NOT SUPPORTED BY EVIDENCE. When an issue is tendered by answer, but not supported by any evidence, the defendant cannot be prejudiced by the failure of the court to submit that issue in his instructions to the jury.

2. **Evidence**: PROMISSORY NOTE: FRAUD: STATEMENT OF VENDOR. A statement not amounting to a warranty, made by the vendor as to the value of the property sold, is to be treated as a mere opinion; and even if such statement is false and intended to deceive, that fact will not defeat recovery upon a note given for the property.

3. ———: ———: ———: COLLATERAL AGREEMENT. Where defendant gave his note to plaintiff for two shares of stock, and at the same time gave plaintiff six dollars for which he took plaintiff's due bill for certain property, *held* that plaintiff's failure to deliver the property named in the due bill was not such a fraud as to avoid a recovery on the note.

4. **Contract**: RESCISSION: EVIDENCE EXCLUDED. A party cannot rescind a contract without surrendering, or offering to surrender, all that he has received under such contract; and it was *held* not error in this case for the court to exclude evidence offered by the defendant that he had surrendered the stock, when there was no pretence that he had surrendered, or offered to surrender, the due bill.

5. **Evidence**: PROMISSORY NOTE: PAROL NOT ADMISSIBLE. Parol testimony that a promissory note was to be paid only out of commissions to be earned by the payer as agent of the payee, *held* not admissible to contravene the terms of the note in a suit thereon.

6. **Agency**: TO COLLECT NOTE: AUTHORITY LIMITED. An agent authorized to collect a note cannot bind his principal by an expression of his opinion as to the reading of a doubtful word in the note.

7. **Evidence**: ADMISSION OF: ERROR WITHOUT PREJUDICE. When plaintiff had shown by undisputed evidence and without objection that an interlineation was made before he purchased the note, defendant was not prejudiced by the admission of other evidence that the interlineation was in the note soon after plaintiff purchased it, though such evidence was immaterial.

*Appeal from Jones Circuit Court.*

THURSDAY, JULY 13.

ACTION upon a promissory note executed by the defendant o the Iowa Iron and Steel Fence Co. of Cedar Rapids, and sold and indorsed by the company to the plaintiff. The copy set out by the plaintiff in his amended petition is in these words:

"MONTICELLO TOWNSHIP, JONES COUNTY, IOWA.
"JULY 25, 1877.

"One year after date I promise to pay to the treasurer of the Iowa Iron and Steel Fence Co. of Cedar Rapids, or bank, $200 at the City National Bank of Cedar Rapids, Iowa, value received, with interest at ten per cent from date. Reasonable attorney's fee if suit be instituted on this note.

"signed, "HENRY D. SMITH."

The defendant for answer avers that the copy set out is not a true copy; that while it is true as shown, that the note at the time it was executed contained no words of negotiability, it does now contain such words; that instead of the word "bank" as contained in the copy after the word "or," there is in the note the word *bearer* after the word "or;" that the word *bearer* was interlined after the note was signed and delivered; and that by the interlineation of the word the note was materially altered. The defendant further avers that the note was fraudulently obtained, and is without consideration. There was a trial to a jury and verdict and judgment were rendered for the plaintiff. The defendant appeals.

Van Vechten v. Smith.

*Sheean & McCarn*, for appellant.

*McCrary & Barber* and *Remley & Ercanbrack*, for appellee.

ADAMS, J.—I. The court instructed the jury in substance that if they should find that the word *bearer* was interlined after the delivery of the note, that would be a material alteration and vitiate the note; but if they should find that the word *bearer* was interlined at, or before delivery, the note would be negotiable, and the plaintiff would be entitled to recover, even though they found that the note was procured by fraud and without consideration. The defendant contends that the court erred in the last part of the instruction, because both the plaintiff and defendant aver in substance that the note is not negotiable, and the court should not have instructed the jury upon the theory that they were at liberty to find that it is.

It will be seen that the plaintiff's theory that the note is not negotiable rests merely upon the fact that he reads the disputed word as *bank* and not as *bearer*. The defendant's theory that the note is not negotiable rests upon the theory that the disputed word was not in the note at the time it was delivered.

The disputed word, we judge from the evidence, is very nearly illegible. If the word is *bank* it is immaterial when it was written, because the legal effect of the instrument is the same with it as without it. *Granite Railway Co. v. Bacon*, 15 Pick., 239. But if the word is *bank* as plaintiff assumed and averred, he took the note subject to all defenses.

The defendant insists that whether the word is *bank* or *bearer* the plaintiff took the note subject to all defenses, and for the reason that the plaintiff avers that the word is bank. We do not feel called upon to go into any inquiry as to the correctness of this position. We do not think that the defendant was prejudiced by the instruction, even if it was erroneous. The defendant does not complain that the issue

tendered by him by his averment that the word.in dispute is *bearer* and was interlined after delivery, was not properly submitted.  He had the full benefit of that defense.  His complaint is that his defense of fraud and want of consideration was not properly submitted.  His theory is that the jury may have found  that the word in dispute is *bearer* and was interlined at, or before delivery, and  having so found felt precluded from going into the consideration of the defense of fraud and want of consideration.  But the defendant was not prejudiced unless there was some evidence of fraud or of a want of consideration, and we have to say that we fail to discover any.

The defendant avers, and  the undisputed  evidence shows, that the note was given for two shares of  stock in the  Iowa

2. EVIDENCE: promissory no.e: fraud; statement of vendor.

Iron and Steel Fence Co. of Cedar Rapids.  The averment of fraud consists simply in this: that the agent  of the company who negotiated for the company the transaction, by which the defendant took two shares of stock in  the company, and gave his note therefor, represented to the defendant that the stock was valuable, whereas, it was in fact, worthless.

But the doctrine is elementary that under ordinary circumstances a statement by a seller of property that it is valuable is to  be treated  as a mere opinion, and  not as a false representation, however insincere  the seller may have  been in his statement.  In *Brown v. Castles*, 11 Cush., 350, Metcalf, J., after stating the rule that where a seller makes a known misrepresentation of  a material fact, not within the observation of  the  buyer, an action  will  lie, says: "This rule is not applied  to statements made  by sellers concerning  the value of the thing sold, it always being understood the world over that such statements are to be distrusted."   So again in *Manning v. Albe*, 11 Allen, 522, Gray, J., said: "This court has repeatedly recognized and acted upon the rule of  the common law by which  the mere statements of  a vendor, either  of  real or personal property, not being in the form of a warranty, as to

its value, are assumed to be so commonly made by those hold-
ing property for sale, in order to enhance its price, that any
purchaser who confides in them is considered too careless of
his own interests to be entitled to relief, even if the state-
ments are false and intended to deceive." We see nothing
in the case before us to justify us in holding that the rule
above enunciated is not applicable.

As a further conclusive answer to the defendant's position,
we may say that we see no evidence showing, or tending to
show, that the stock was not in fact valuable, as the com-
pany's agent is alleged to have stated. On the other hand,
the defendant testifies that he knows nothing about the stock.

There is evidence that the defendant paid the company six
dollars, and that in consideration thereof the company was to
send him six dollars worth of fencing material,
3. —: —: which it failed to do. For the six dollars the
eral agree-
ment. company gave the defendant its due bill, payable
in fencing material. The defendant, if we understand him,
relies upon the failure of the company to send him the fenc-
ing material as constituting a fraud sufficient to avoid the
note sued on.

But the most that can be said is that the failure to send
the fencing material has given the defendant a right of action
upon the due bill which he holds for the fencing material. A
mere failure to perform an agreement never constitutes fraud.

II.   The defendant averred in his answer that he returned
the stock to the company. Upon the trial he offered to prove
4. CONTRACT: the truth of this allegation, and the court refused
rescission:
evidence ex- to allow him to do so. He claims that the pay-
cluded. ment of the six dollars, the taking of the com-
pany's due bill for that amount of fencing material, the tak-
ing of two shares of stock in the company, and giving his
note therefor, constituted altogether one transaction; that
when the company failed to send the fencing material he had
a right to rescind his agreement to take the stock, and did re-

scind it, and should have been allowed to prove that he returned the stock.

If the several matters above set out constituted one transaction, as the defendant claims, he could not rescind without surrendering, or offering to surrender, the due bill, and there is no pretense that he did either.

III. At the time the stock was taken by the defendant, and the note sued on was given therefor, the defendant was

**5. EVIDENCE: promissory note: parol testimony.**

appointed the agent of the company to sell fencing material within his township. The six dollars worth of fencing material which his due bill called for, was to be sent him as a sample and to be used as such. The defendant claims that he expected that his commissions on sales would be sufficient to meet the note, and that he was not to pay it except from such commissions, which commisions he has failed to make because he had no sample fence. The defendant, when examined as a witness upon the stand, testified in substance that the agreement was that he was to pay the note from commissions and not otherwise. Afterward, upon the motion of the plaintiff the defendant's testimony in respect to such agreement was stricken out. The defendant assigns the ruling as error.

It may be that the agreement in respect to the payment of the note was what the defendant alleges it was, and that the defendant will suffer a hardship in not being allowed to show it. But it will be seen at once that what he proposed to do was to show an agreement by parol which contravened, so far as it was of any value to the defendant, the terms of the note.

IV. We are unable to see that the defendant has any valid defense unless the disputed word in the note is *bearer*, and was interlined after delivery. For the pur-

**6. AGENCY: to collect note: authority limited.**

pose of showing that the word is *bearer* he offered to testify that one Bennett said that it was *bearer*, and that Bennett was acting as the agent of the plaintiff in

trying to collect the note. The court ruled that such evidence was inadmissible and the defendant assigns the ruling as error. Bennett's authority to collect the note was not authority to read the note and bind the plaintiff by his reading.

V. The plaintiff was allowed to show, against the objection of the defendant, by one C. D. Van Vechten that he saw the note soon after the plaintiff purchased it, and soon after it was made, and that the note has not been altered since that time. It appears that this evidence was immaterial, but we think that the defendant was not prejudiced. It was shown by other evidence and without objection that the interlineation was made before the plaintiff purchased the note, and the evidence upon that point is undisputed.

*7. EVIDENCE: admission of error without prejudice.*

. The views which we have expressed cover, we think, substantially all the errors assigned, and we have to say that we think the judgment of the District Court must be

AFFIRMED.