Thomson, J.,
delivered the opinion of the court.
Henrj- Falke brought replevin against Lillian L. Fassett and Charles S. Fassett, to recover the possession of certain railroad' ties and other property. None of the property, was found except a portion of the ties, and these were taken-under the writ. The answer denied the allegations of the complaint, and set up a chattel mortgage to Lillian Fassett *172 by one Eugene Haas, the alleged owner of the ties at the time, which was executed and recorded prior to the inception of the claim of plaintiff. The replication admits this mortgage, and avers its release. There was an intervention in the case, which, however, in no way affects the question to be determined, and will not be further noticed. The plaintiff claimed title under an assignment by Haas to the State Bank of Monte Vista of his interest in what Haas termed a contract concerning these ties, to secure the sum of four hundred dollars, and also a chattel mortgage of the same ties to J. D. Maben, president' of the bank, to secure the payment of a note to him for eleven hundred an'd thirty-two dollars. The bank sold and assigned to the plaintiff the interest in the contract which Haas had assigned to it, and also a note for eleven hundred and thirty-two dollars, payable to the bank, which plaintiff claimed was the note intended to be secured by the mortgage to Maben. The court excluded these documents as evidence, and gave judgment for the defendants.
The facts concerning the contract and mortgage are these : One J. W. Crump had been appointed by the Denver & Rio Grande Railroad Company its agent to enter upon the public domain of the United States and take such timber as might be necessary in the construction or repair of its railway line, as authorized by the act of Congress in such cases. Crump appointed Haas his sub-agent to perform this duty to the extent of twenty thousand railroad ties. Haas was to be compensated for his services by receiving a certain price for each accepted tie. This is the contract referred to. The assignment to the State Bank was as follows:
“•For value received I hereby assign all m}*- right, title and interest, in and to the attached contract between the Denver & Rio Grande Railroad Company and myself, to the State Bank of Monte Vista, and I hereby authorize said Railroad Company to pay to said State Bank any and all sums due or to become due from said Railroad Company to me under and by virtue of said contract until the full sum of four hundred dollars together with interest thereon, at the rate of one and *173 one half per cent per month, from the 17th day of March, A. D. 1891, is fully paid.
“Dated at Monte Yista, Colo., this 17th day of March, A. D. 1891. E. Haas.”
The following is the assignment by the bank to the plaintiff :
“ For value received I hereby assign the above contract over to Henry Fassett. State Bank, by E. M. Perdew, Cas.”
By this assignment the bank took no interest in the ties, because, first, the assignment does not purport to pass any such interest, and, second, Haas had no interest to pass. The ties were the property of the railroad company. Its title was derived from the act of Congress authorizing it to take timber from the public domain for the purposes of its railway. Except for the authority conferred by that act, it would have had no right to these ties. They would still have belonged to the United States. Haas was its agent to proceed in its behalf under the provisions of the act, and subject to its restrictions, and having done so, the property in the ties passed from the United States to the railroad company; so that Haas had no interest whatsoever in the ties which could be the subject of sale or pledge. The plaintiff therefore could base no title, or right of possession, upon the contract and assignments.
The mortgage is beset with several difficulties. It was executed by Eugene Haas, party of the first part, to J. D. Maben, president of the State Bank, étc., party of the second part, to secure the payment of a certain promissory note “ given by the said party of the first part to the said party of the second part ” for eleven hundred and thirty-two dollars. The note transferred by the bank to the plaintiff was given to the bank. The transfer of this note carried with it no interest in the mortgage, because it is not the note which the mortgage describes, and evidence in this proceeding to show that the mortgage was intended to secure this note was inadmissible. Where a note intended to be secured is not clearly described or identified in the mortgage securing it, *174 the want may be supplied and the uncertainty removed by parol evidence. This involves no contradiction of the terms of the instrument. In this mortgage there is no uncertainty; there is no language which is the proper subject of explanation, or which requires any explanation. It clearly and explicitly describes the note, the payment of which it was given to secure; the note held by the plaintiff was not that note, and to permit extrinsic proof that the mortgage was given to secure the note in plaintiff’s hands, and not the one it describes, would involve a direct contradiction of its terms, and violate a principle of evidence which is elementary law.
But as a source of title in the plaintiff, the mortgage fails for another reason. Haas had no right to give it. As we have seen, the ties were not his property. Nothing .that he might do could possibly affect the railroad company’s title, or vest in another any shadow of right in or about the ties ; and even if the plaintiff had been the owner of the mortgage, and the other difficulty in the way, which we have noticed, had not existed, he would still have had nothing on which to base his claim.
The answer avers a mortgage from Haas to the defendant Lillian, of the same property, which was prior in point of time to the one we have been considering. The replication admits this mortgage but alleges that it was satisfied and released ; there is an absence of proof in the record that this was ever done, and it must therefore be considered in force for what it is worth. ■ It is presumably as worthless as the other,, but it is not any more so, and as between Lillian and the plaintiff it would -hold the property. Whatever rights she might or might not have acquired in these ties, he certainly had none. No reason appears why the judgment of the trial court should be reversed, and it is therefore affirmed.

Affirmed.