[No. 5116.]
[No. 2699 C. A.]

## Whitehead et al. v. Emmerich.

**1. , Bills and Notes—Alteration of Instruments—Effect.**

A promissory note was made for eight hundred and ·forty dollars, with interest payable annually, and about four months later, upon a payment of forty dollars being made, the "forty" on the face of the note was stricken out by the payee and the following indorsement made on the back, over the signature of the payee: "This note changed to eight hundred dollars—forty dollars advanced, October 12th, '99." Afterwards, pursuant to mutual agreement, the sum of $6.40 was returned to defendants and the balance of $33.60 was applied upon the interest. Held, in an action on the note, that Mills' Ann. Code, § 357, is declaratory of the rule of evidence in this state, with respect to the effect of changed or altered instruments of writing; and, regardless of this provision, as the act changing the amount of principal was done honestly and with the intention of making the proper credit upon the note, and did not change its legal effect, the note was not made void thereby.—P. 16.

2. **Practice in Civil Actions—Instructions—Failure to Tender.**

In an action in which defendants set up a counter-claim for services rendered, the court instructed the jury that to entitle defendants to recover on their counter-claim they must find that the services were rendered upon the request of plaintiff. Held, that, while it is true that if plaintiff acquiesced in the services and accepted them that she was bound to pay for them, in the absence of defendants' tendering an instruction covering such point, they cannot object on appeal that the court did not fully instruct upon the subject of their counter-claim. —P. 17.

3. **Same—Alteration of Promissory Note—Instructions.**

In an action on a promissory note, where the evidence showed that an alteration upon its face reducing the principal was made honestly and with the intention of making a proper credit, the court properly refused tendered instructions to the effect that if the jury found from the evidence that the plaintiff altered the note without the consent or knowledge of the defendants, plaintiff could not recover; and, if they found from the evidence that the plaintiff altered the note without the consent or knowledge of the defendants, unless they found that the defendants afterwards adopted the altered note, plaintiff could not recover.—P. 18.

4. **Practice in Civil Actions—Bills and Notes—Parol Evidence Altering the Effect of a Promissory Note.**

The makers of a promissory note cannot show a parol agreement made at the time the note was given altering its effect. —P. 18.

*Appeal from the District Court of Arapahoe County.*
*Hon. Booth M. Malone, Judge.*

Action by Emma Emmerich against Andrew Whitehead and Edwin K. Whitehead, copartners under the firm name of Whitehead Brothers. From a judgment for plaintiff, defendants appeal.

*Affirmed.*

Mr. T. E. McINTYRE, for appellants.

Mr. EDWARD D. UPHAM, for appellee.

Mr. JUSTICE STEELE delivered the opinion of the court:

Action was brought by Emma Emmerich against the partnership known as Whitehead Brothers, upon a promissory note for the sum of $840.00, dated June 1, 1899. The note as copied in the complaint is as follows:

"$840.00    Denver, Colorado, June 1st, 1899.

"One year after date I promise to pay to the order of Mrs. Emma Emmerich Eight Hundred and Forty 00-100 Dollars, payable at the office of Whitehead Brothers, Denver, Colorado, with interest at the rate of eight per cent. per annum after date until paid. Interest payable semi-annually. Value received.

"Due 6-1, 1900.    WHITEHEAD BROS."

Then follows this allegation: "On the face of said note the word 'Forty' has been canceled and stricken out, and on the back of said note there appears the following indorsement: 'This note changed to Eight Hundred Dollars—Forty Dollars advanced, Oct. 12th, '99. Emma Emmerich, Nov. 2, '99.' "

The complaint further alleges that the payment of forty dollars was made October 12, 1899, and that afterwards, pursuant to agreement, the sum of $6.40 was returned to defendants and the sum of $33.60 was applied upon the interest.

The answer admits the execution of the note, but alleges that the same was given in pursuance of an agreement that plaintiff was to furnish certain moneys to defendants, to be by them loaned or invested for their mutual benefit and profit, and that the so-called "promissory note" was given as an evidence of the amount of money so furnished by plaintiff, and not otherwise. The defendants claim

that they performed services for the plaintiff of the reasonable value of three. hundred and fifty dollars, and pray for an accounting. A replication was filed denying the allegations of the answer.

The jury returned a verdict in favor of the plaintiff in the sum of $926.00, and from a judgment in that amount the defendants appealed to the court of appeals.

The assignments of error mainly relied upon and that we shall consider, are those that relate to the alleged error of the court in admitting the note in evidence, and in giving and refusing instructions. We do not think the court erred in overruling the objection to the note. There are very many authorities which hold that such a change as made by the plaintiff is a material alteration and vitiates the instrument, but we should accept section 357 of our Civil Code as declaratory of the policy of the state with respect to the effect of changed or altered instruments of writing, and although the provision of the Code is a rule of evidence merely, and not substantive law, it would present a novel situation if the court should receive a changed instrument in evidence, when the preliminary proof required by the Code is made, and reject it finally because under the decisions of other states it would be declared void. Indeed, disregarding the Code provision altogether, we are of opinion the court did not err in receiving the note. Although the word "Forty" was canceled, the notation on the back showed clearly that the plaintiff regarded the payment as a reduction of the principal, and so regarded, the legal effect was not changed; and very many authorities hold that, as between the payee and payor, a change that does not change the legal effect of the note is not to be regarded as an alteration at all. So, when the plaintiff indorsed a payment of forty dollars on

the note and struck out the word "Forty," she did not change the legal effect of the note, but made it state the correct amount of the principal.

There is a dispute as to whether the note was changed with, or without, the consent of the maker; but we think that is not important. After the forty dollars was paid, the plaintiff sent the note to defendants for any change they desired to make. The note was returned with a letter containing this statement: "There is nothing to be done so far as I can see, except for you to indorse the $40 paid as interest. Of course it was paid before due and in larger amount than required, but it will be all right in the end. Please indorse the $40 as of the date when it was paid to the bank, so as to keep the account straight."

We do not think the rule announced is inapplicable because it appears that the defendants directed that the amount be credited on account of interest. The act changing the amount of principal was done honestly, and with the intention of making the proper credit upon the note, and under many authorities such alteration, not changing the legal effect of the note, did not make it void.—Parsons on Notes and Bills, vol. 2, 582, citing *Morrill v. Otis,* 12 N. H. 466; 2 Daniel on Neg. Instruments, § 1398.

A very instructive case cited with approval by Daniel is *Ryan v. Bank,* 148 Ill. 349.

The paragraphs of the charge to the jury are not numbered, and we cannot determine from the exceptions noted in the abstract what particular objections the defendants have to the instructions. The court instructed the jury that, to entitle the defendants to recover on their counter-claim, they must find that the services were rendered upon the request of the plaintiff. The defendants, in their brief, say that if plaintiff acquiesced in the services and accepted them, that

she was bound to pay for them. This is true; but the defendants should have offered an instruction covering that point, and, having failed to do so, they cannot now object that the court did not fully instruct the jury upon the subject of their counter-claim.

The defendants requested the court to instruct the jury that, "If they find from the evidence that the plaintiff altered the note without the consent or knowledge of the defendants, that the plaintiff cannot recover;" and that, "If they find and believe from the evidence that the plaintiff altered the note without the consent or knowledge of the defendants, that unless they find that the defendants afterwards adopted the altered note, that the plaintiff cannot recover."

These instructions were properly refused.

The defendants offered to show conversations at the time the note was given altering its effect as a note. This the court refused, and properly. The defendants should not have been permitted to show that, at the time the note was given, the parties had another contract altering its effect.

The jury found against the defendants on their counter-claim, and, there being no prejudicial error disclosed by the record, we shall affirm the judgment.

*Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE CAMPBELL concur.