No. 11,018.

WORK v. WAGNER, ET AL.

Decided January 5, 1925.

Action for conversion.   Judgment for defendants.

*Affirmed.*

1.  CHATTEL MORTGAGE—*Reformation of Instruments.* Permission to
amend a chattel mortgage in the matter of the description of
the note secured thereby must be without prejudice to the
rights of third parties.   Such prejudice appearing, the permis-
sion is properly denied.

2.  REFORMATION OF INSTRUMENTS—*Chattel Mortgage.* A mortgagee,
being a business man who could read, and who accepted a chat-
tel mortgage describing a note which he did not have, held not
entitled to the aid of equity to reform the mortgage.

*Error to the District Court of Phillips County, Hon. H. E.
Munson, Judge.*

Mr. CLAUDE D. WALROD, Messrs. ALLEN, WEBSTER &
DRATH, for plaintiff in error.

No appearance for defendants in error.

*Department One.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the
court.

PLAINTIFF in error was plaintiff in an action against de-
fendants in error for the conversion of a quantity of
wheat.   He claimed ownership and right of possession un-
der a chattel mortgage given to him by one Dinsmore, the
lessee of land belonging to defendant Wagner, on which
the wheat in question had been raised.

Wagner's answer alleged that, finding that Dinsmore
had abandoned the premises, she harvested, threshed, and
marketed the wheat, leaving two-thirds of the proceeds of
the sale with the defendant Elevator Company, the pur-
chaser of the wheat.   She claimed, however, that the re-

ceipts from Dinsmore's share were not sufficient to reimburse her for the necessary expenses in the matter.

On the trial it appeared that the mortgage, under which plaintiff claimed, described the note secured by said mortgage as of the same date, viz: August 11, 1922, while the plaintiff admitted that he never had such a note, and that the debt secured by the mortgage was incurred in the preceding month of May.

The trial court denied an application for leave to amend the complaint so as to permit the mortgage to be reformed, and, holding that the mortgage gave plaintiff no right to the wheat, entered judgment for defendants. This ruling is assigned as error.

It was based by the court upon *Falke v. Fassett,* 4 Colo. App. 171, 34 Pac. 1005, in which case the court said: "Where a note intended to be secured is not clearly described or identified in the mortgage securing it, the want may be supplied and the uncertainty removed by parol evidence. This involves no contradiction of the terms of the instrument. In this mortgage, there is no uncertainty; there is no language which is the proper subject of explanation, or which requires any explanation. It clearly and explicitly describes the note, the payment of which it was given to secure; the note held by the plaintiff was not that note, and to permit extrinsic proof that the mortgage was given to secure the note in plaintiff's hands, and not the one it describes, would involve a direct contradiction of its terms and violate a principle of evidence which is elementary law."

Whether or not the mortgage might be reformed in a proper proceeding and under other circumstances, need not be determined. If it did not at the time it was filed for record, constitute notice to defendant Wagner, its amendment after the acts alleged to constitute a conversion of the wheat, would not avail the plaintiff. In every case the amendment must be without prejudice to the rights of innocent third parties, in which class defendant Wagner belongs under the admitted facts in this case.

The judgment may be sustained on another ground, viz: that because of the plaintiff's negligence in taking and recording the mortgage with what he now asserts is a plain misdescription of the note, he cannot have the aid of equity to reform the mortgage.

It appears that plaintiff is a business man who can read, yet he accepted the mortgage describing a note which he did not have; took it to the county seat and filed it for record.

In *Robinson v. Glass,* 94 Ind. 211, the court, by Judge Elliott, said: "It is the law that one of sound mind must exercise prudence in making contracts, and if he neglects to exercise ordinary prudence, the courts will give him no relief. * * * A man who can read and does not read an instrument which he signs is, as a general rule, guilty of negligence."

To the same effect is *Susquehanna Ins. Co. v. Swank,* 102 Pa. 17. See, also, *Pope v. Hoopes,* 90 Fed. 451, 33 C. C. A. 595, and *Voorhis v. Murphy,* 26 N. J. Eq. 434.

The judgment is affirmed.

MR. JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.