No. 19,392.

ALVIN L. KNUPPEL *v.* STANLEY MORELAND, ET AL.

(366 P. [2d] 136)

Decided October 23, 1961.   Rehearing denied November 27, 1961.

Mr. BRUCE OWNBEY, Mr. NORMAN E. STRUEMPLER, for plaintiff in error.

Mr. ALDEN T. HILL, Mr. RALPH H. COYTE, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE FRANTZ.

BY the first count Knuppel sought to recover the sum of $1,500.00 alleged to be the balance due on the sale of certain equipment, and by a second count alleged that the defendants owed $619.00 for certain labor in loading and hauling iron. At the time the complaint was filed,

attachment proceedings were inaugurated, pursuant to which the Sheriff seized the property which was the subject of the alleged sale described in the first count.

Morelands by their answer put in issue the allegations of the first count, admitted that they owed $160.00 on the second count, but averred that said sum so owing should be set off against a greater sum owing from Knuppel to the Morelands. Their counterclaims were based (1) upon an indebtedness of $459.50, said to be owing for certain personal property sold to Knuppel, and for $25.00 cash alleged to have been advanced to Knuppel, and (2) upon an obligation in the sum of $2,000.00 arising from the rental by the Morelands to the plaintiff of a trailer. The Morelands also traversed the attachment.

Morelands' counterclaims were denied by Knuppel. On these issues the case proceeded to trial to the court. At the conclusion of the evidence the court made oral findings and entered judgment against Knuppel on his claims and in favor of the Morelands in the sum of $484.50, the amount sought to be recovered in their first counterclaim, and against the Morelands on their second counterclaim.

Believing himself to be prejudicially aggrieved, Knuppel seeks reversal on three grounds, only one of which need be discussed and decided.

In support of his claim, Knuppel introduced in evidence an instrument consisting of three parts:

1. A "Statement of Transaction" between Knuppel and the Morelands showing a total cash selling price of the equipment in the sum of $3,000.00 and a credit of $1,500.00. This section of the agreement shows a balance due of $1,500.00 together with certain charges, making a total balance of $1,800.00 to be paid in twenty-four monthly payments of $75.00. According to the instrument, the first payment was to be made on May 15, 1959.

2. The second section of this instrument is a promissory note for $1,800.00 executed by the Morelands, in

which they agree to pay in terms and figures substantially the same as those appearing in the "Statement of Transaction." This note states that it is secured by a chattel mortgage.

3. The third section of the instrument is the chattel mortgage given to secure the note.

Testimony which showed that the selling price was not $3,000.00, that the payment of $1,500.00 shown in the "Statement of Transaction" was full payment, that twenty-four monthly payments of $75.00 were not envisaged, was admitted in evidence over the objection of Knuppel. It was Knuppel's position that such testimony could not be received because violative of the parol evidence rule.

This court has repeatedly held that the parol evidence rule excludes extrinsic utterances when their introduction would vary or contradict the terms of a written instrument. *Alley v. McMath,* 140 Colo. 600, 346 P. (2d) 304. The parol evidence rule is so firmly entrenched in the law of evidence that we said in the cited case that it is a "fundamental" rule; that it is "enforced [as] a universal rule which has our approval." *Bradley v. Blattman,* 88 Colo. 58, 291 Pac. 1034.

The general rule loses none of its efficacy where sales transactions, bills and notes, and chattel mortgages are the subjects of litigation. Extrinsic proof is inadmissible to contradict or vary the terms of a written sales transaction, *The R. M. Davis, Etc., Co. v. Photo Jewelry Mfg. Co.,* 47 Colo. 68, 104 Pac. 389, 19 Ann. Cas. 540, or the terms of a promissory note, *Whitehead v. Emmerich,* 38 Colo. 13, 87 Pac. 790, or the terms and conditions of a chattel mortgage, *Falke v. Fassett,* 4 Colo. App. 171, 34 Pac. 1005; *Work v. Wagner,* 76 Colo. 407, 231 Pac. 1110. Stare decisis is our compass as to any of the three parts of the exhibit.

Convinced that the trial court committed prejudicial error in the reception of evidence which had the effect of contradicting the written instrument, we reverse the

judgment of the trial court insofar as the first claim of Knuppel is concerned. Since the Morelands admitted owing $160.00 on the second claim, the judgment of the trial court, completely disallowing the second claim, is patently erroneous. Judgments on these claims are reversed; otherwise, the judgments of the trial court are affirmed.

MR. JUSTICE SUTTON and MR. JUSTICE McWILLIAMS concur.