No. 21279.

SENTINEL ACCEPTANCE CORPORATION, A COLORADO
CORPORATION *v.* MARY E. COLGATE.
(424 P.2d 380)

Decided March 6, 1967.

WORMWOOD, WOLVINGTON, RENNER and DOSH, RICHARD W. LAUGESEN, for plaintiff in error.

KENNETH C. SCHOEN, for defendant in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the court.

SENTINEL Acceptance Corporation brought an action against Mary E. Colgate for the balance due on promissory note. The parties will be referred to as plaintiff and defendant, or by name.

The note in issue and various other documents were signed contemporaneously by the defendant on December 21, 1962. The face amount of the note was $1,038.96. Two payments were made by the defendant, one in

February and one in April of 1963. The amount left unpaid, and here in issue, is $882.30, including all applicable finance charges.

The note was given as payment for an inter-communication, burglar alarm, and fire alarm system which was installed in the defendant's home by Mark II Electronics, Inc. Mark II subsequently assigned the note to the plaintiff.

The trial court found that Sentinel was not a holder in due course of the note, and that the transaction was void for fraud on the part of the plaintiff and the note was therefore unenforceable. Plaintiff brings writ of error here and assigns in the main two grounds for reversal:

1. That the trial court erred in admitting parol evidence which contradicted and varied the terms of the written agreements of the parties.

2. That the evidence was insufficient as a matter of law to sustain the judgment.

At the trial, the defendant testified that she signed a sales contract, a note and chattel mortgage, a bonus demonstration agreement and other papers. Each of the various documents which defendant signed contains a clause denying that any oral warranties exist and stating that no warranties were made which are not contained within the instrument.

Over objection, defendant was allowed to testify as to her understanding of the agreement. She claimed that she signed the various documents only because she was told that she was to receive the equipment free if she furnished the names of a sufficient number of prospects for Mark II's demonstration program.

▮ It is well-settled that the parol evidence rule excludes extrinsic evidence which varies or contradicts the express terms of a written agreement, and that the rule applies to sales transactions as well as to other types of contracts. *Knupple v. Moreland,* 148 Colo. 242, 366 P.2d 136; *Alley v. McMath,* 140 Colo. 600, 346 P.2d

304. Plaintiff's objection at the trial was well taken. The trial court should have excluded the defendant's testimony as to her understanding of the transaction. *Van Vechten v. Smith*, 13 N.W. 94 (Iowa). This is not a case where defendant contends that she was unable to read and to understand the instruments which she signed. In fact, on the witness stand she admitted that she knew what a note was and knew that she was signing a note. Her testimony as to her understanding of the transaction was merely an attempt to contradict the express terms of the written agreements, and as such was contrary to the parol evidence rule.

 We must now, therefore, determine if there is sufficient evidence in this record, without the parol evidence erroneously admitted, to sustain the judgment of the trial court. We think that there was. It is clear that all the instruments material to the decision here were signed at one time and together constituted the agreement between the parties. When the evidence consists of documents, the rule is clear that upon writ of error their effect is a matter of law for this Court. *Van Diest v. Towle*, 116 Colo. 204, 179 P.2d 984; *Conklin v. Shaw*, 67 Colo. 169, 185 Pac. 661.

 An examination of the material documents here leads us to the conclusion that as a matter of law the agreement between these parties was inoperative. The bonus demonstration agreement provides that the seller will pay the buyer $375 for the first twenty *qualified* demonstrations made by the seller to prospects whose names are submitted by the buyer. No money is due under the terms of this instrument until all twenty demonstrations are made and completed. To render a demonstration *qualified*, the agent must be able to explain the advertising program in full and the seller is the *sole* judge as to whether the advertising program has been explained in full. The promise on the part of the seller leaves him with the sole discretion as to whether the buyer shall be paid anything. The promise

68

is illusory, there is no mutuality, and the agreement is therefore inoperative. See *Restatement of Contracts,* Sec. 2, comment (b) and Sec. 80, comment (b). Since the trial court found that the plaintiff was not an innocent purchaser for value of the note, and the evidence supports this finding, all the defenses good against the seller are good against it, and the plaintiff cannot recover on the note.

The judgment is affirmed.