No. 21767.

Mark II Electronics, Inc., a corporation, d/b/a North American Acceptance Corp. *v.* Robert C. Dotson and Ila Mae Dotson.

(430 P.2d 82)

Decided July 17, 1967.

William J. Hewitt, for plaintiff in error.

Charles A. Murdock, for defendants in error.

*In Department.*

Opinion by Mr. Justice Kelley.

This lawsuit arose out of a transaction in which the plaintiff agreed to sell and install "One (1) Sentinel

Mark II Intercom System, Consisting of: One (1) Master Panel AM/FM Radio, Six (6) Remote Speakers. Also Completely Install One (1) Sentinel Mark II Fire and Burglar Alarm System." The trial court held for the defendants below.

The factual situation is substantially the same as the one we considered in *Sentinel Acceptance Corporation v. Colgate*, 162 Colo. 64, 424 P.2d 380, except that the note here was assigned by the plaintiff to "North American Acceptance Corporation," which is merely another name by which the plaintiff does some of its business, and not to an alleged innocent third party. This suit was instituted in the name of North American Acceptance Corporation and then, by amended complaint, changed to Mark II Electronics, Inc., d/b/a North American Acceptance Corporation.

The significant factual points of similarity between the instant case and *Sentinel, supra*, are that there was a "contract," a "note," "Bonus Demonstration Guarantees," and a "Representatives Advertising Agreement," which together constituted the agreement between the parties.

The bonus demonstration agreement here provides that the seller will pay the buyer for the first group of twelve *qualified* demonstrations the sum of $275, and a like sum for the second and third groups of twelve *qualified* demonstrations, made by the seller to the prospects whose names are furnished by the buyer.

We adhere to the reasoning and the rule of law enunciated in *Sentinel Acceptance Corporation v. Colgate, supra,* that the promises in the "Bonus Demonstration Gaurantees" were "illusory," that "there is no mutuality" and that "the agreement is therefore inoperative."

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE SUTTON and MR. JUSTICE MCWILLIAMS concur.