474 P.2d 172 (1970)
MOUNTAIN FINANCE CO., Plaintiff in Error,
v.
Leslie E. POWELL and Jimmie L. Powell, Defendants in Error.
No. 70-255. (Supreme Court No. 23705.)
Colorado Court of Appeals, Div. I.
June 23, 1970.
Rehearing Denied July 16, 1970.
Certiorari Denied September 10, 1970.
*173 Hellerstein & Hellerstein, S. A. Hellerstein, F. J. Manning, Denver, for plaintiff in error.
F. Richard Hite, Denver, for defendants in error.
Not Selected for Official Publication.
ENOCH, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
This is a negotiable instrument case arising out of a secured sale. The parties are in the same order as they appeared in the trial court and will be referred to according to the trial court designations.
This lawsuit arose out of a transaction in which the defendants contracted to buy a stereo from Soundarama Industries, Inc. for $1,467.86. The contract of sale took place in the defendants' home after the Soundarama salesman called on the defendants on the evening of July 17, 1967, at which time the defendants signed the following instruments:
1. Purchase Contract
2. Security Agreement and Financing Statement
3. Statement of "Additional Collateral"
4. Representative's Agreement
5. Bonus Guarantee Agreement
6. Promissory Note
The Bonus Agreement provided that if the defendants submitted the names of friends and acquaintances which resulted in fifty interviews within forty-five days of the sale, they were to receive a free console color television, plus 100 stereo albums. The Representative's Agreement was another referral instrument whereby the defendants were to get $100.00 for every sale made by Soundarama to a person referred to them by the defendants. The testimony of the defendants indicates that the Soundarama salesman led them to believe that they would be able to pay for the stereo from the proceeds which they would receive from their referrals. The note provided for monthly installments of $40.76, with the first installment due in forty-five days. On the forty-third day, after the defendants had not yet received any money because their referrals did not produce any sales, they rescinded the contract and offered to return the stereo to Soundarama. However, Soundarama had sold the note to Mountain Finance Co. for $966.00 the day after defendants executed it. Mountain Finance subsequently sued the defendants who claimed the note was not supported by valid consideration; that the agreements which were contemporaneously executed were illusory, lacked mutuality, were inoperative and unenforceable against the defendants; and that the plaintiff had knowledge of the above and is therefore not a holder in due course.
Trial was to the court which found that the contract between Soundarama and the defendants was illusory and that the plaintiff was not a holder in due course. The trial court entered judgment for the defendants. On writ of error, plaintiff claims the trial court erred in ruling that it was not a holder in due course and that since the defendants signed the instruments, they are estopped to deny their validity.
Two issues are presented by this case; was there a valid defense to the contract, and if so, was the plaintiff a holder in due course?
*174 I
Sentinel Acceptance Corp. v. Colgate, 162 Colo. 64, 424 P.2d 380, and Mark II Electronics, Inc. v. Dotson, 163 Colo. 253, 430 P.2d 82, are controlling in resolving the question of whether or not there was a valid defense to the contract. The referral sales scheme in those cases was very similar to this case. The Supreme Court in Sentinel held the initial sales transaction inoperative because it was illusory and lacked mutuality as it was within the sole discretion of the seller to determine what constituted a "qualified" demonstration. The Sentinel holding was reaffirmed in the Mark II case. The documents in this case suffer from the same defect and we hold that they were illusory and lacked mutuality.

II
The next question to be resolved is whether the plaintiff was a holder in due course of the note of the defendants and therefore not subject to the above defense.
The record is clear from the testimony of the manager and Vice-President of Mountain Finance Co. that the plaintiff knew that defendants had executed all of the documents in question on the evening of the sale. Prior to purchasing the note from Soundarama, this officer of Mountain Finance Co. contacted Mrs. Powell by telephone informing her that they were contemplating purchasing the note; that she would subsequently be liable thereon to Mountain Finance Co.; and that any contemporaneous instruments executed between the defendants and Soundarama would be inoperative as to Mountain Finance Co. This evidence indicates that the plaintiff was fully aware of the nature of this transaction. Although it may have not had actual knowledge of the entire scheme used by Soundarama, it most assuredly had knowledge of sufficient facts that its action in taking the instrument amounted to bad faith.
"To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating it, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith." Gross v. Appelgren et ux., et al., Colo., 467 P.2d 789.
The evidence in this case supports the finding of the trial court that the plaintiff was not a holder in due course.
The judgment of the trial court is affirmed.
SILVERSTEIN, C.J., and DWYER, J., concur.