485 P.2d 923 (1971)
James W. FITZSIMMONS, individually and d/b/a Aqua Soft, Plaintiff in Error,
v.
Arthur W. HONAKER and W. Dorothy Honaker, also Ronald L. Honaker and Donna Honaker, Defendants in Error.
No. 71-072, (Supreme Court No. 24286.)
Colorado Court of Appeals, Div. II.
May 25, 1971.
*924 Robinson & Henderson, Jerry R. Dunn, Denver, for plaintiff in error.
Louis J. Boggio, Denver, for defendants in error.
Not Selected for Official Publication.
PIERCE, Judge.
This case was transferred from the Supreme Court pursuant to statute.
In this appeal from an action involving alleged fraudulent sale of water softening equipment, the parties appear in reverse of their order of appearance below and will be referred to by their trial court designations or by name. Plaintiffs are Ronald L. Honaker, his wife Donna, and his parents, Arthur W. and Dorothy Honaker. In 1964, defendant James W. Fitzsimmons was in business for himself as Aqua Soft Water Co. and was engaged in the sale of water softening units to home owners.
In July 1964, one of defendant's salesmen contacted Ronald and Donna Honaker, demonstrated a water softening unit, and sold the equipment to them on a "referral sale" basis. A gold-bordered certificate embodying the referral sale agreement was then signed by the salesman and Ronald Honaker. This certificate, entitled "Representative's Commission Agreement," was supplied to the salesman by defendant Fitzsimmons. Among the provisions of the agreement were the following:
"3. Aquasoft shall pay Representative [plaintiffs] as earned commission the sum of Forty Dollars ($40.00) for each individual, whose name is submitted by Representative, who thereafter becomes a qualified equipment owning Representative of Aquasoft.
"4. Aquasoft will pay to Representative for each group of twenty (20) complete qualified demonstrations made through Representative, Three Hundred Dollars ($300.00), or the amount of money earned by Representative as agreed in paragraph (3) of this agreement or whichever amount is greater.
* * * * * *
"6. This contract shall become effective upon completion of the following three (3) conditions: (a) Signed by an authorized agent of Aquasoft and the enrolled representative; (b) the acceptance of the equipment by the enrolled representative and its completed installation, and (c) the approval of the enrolled representative's application for credit by Aquasoft."
Testimony of the Ronald Honakers indicated that the salesman represented to *925 them that another paper they were requested to sign was a permit for the installation of an Aqua Soft unit in plaintiffs' basement and that it was not a lien upon their real property, when in fact, the document entitled "Instalment Lien Note" was a negotiable instrument providing for a lien on the property. Although all the blanks in the note were not filled in at the time it was signed, they were later filled in, in part, by a finance company and defendant or one of his employees. The Honakers further testified that a lien was in fact placed on their home and the note was sold to the finance company which later brought suit and collected on the note. They also testified that, although they were paid $40 for referring the defendant to their parents, the list of 20 names given defendant under the referral sales agreement was never utilized by defendant.
The elder Honakers, Arthur and Dorothy, were approached by another of defendant's salesmen and, with certain exceptions not material here, the facts involved in that sale were virtually the same as the transaction discussed above, including the alleged misrepresentations.

I.
Defendant claims that the trial court erred in finding that the activities of both of defendant's salesmen were fraudulent on the ground that it failed to require clear and convincing evidence of the alleged fraud. Defendant further contends that in the case at bar it was impossible to determine from the record whether the court held that plaintiffs were fraudulently induced to sign the installment lien notes or whether they were fraudulently induced to enter into the referral sales arrangements manifested by the representative's commission agreements.
The case of Morrison v. Goodspeed, 100 Colo. 470, 68 P.2d 458, sets forth the elements necessary for a finding of fraud in Colorado. They are as follows:
"(1) A false representation of a material existing fact, or a representation as to a material existing fact made with a reckless disregard of its truth or falsity; or a concealment of a material existing fact, that in equity and good conscience should be disclosed. (2) Knowledge on the part of the one making the representation that it is false; or utter indifference to its truth or falsity; or knowledge that he is concealing a material fact that in equity and good conscience he should disclose. (3) Ignorance on the part of the one to whom representations are made or from whom such fact is concealed, or the falsity of the representation or of the existence of the fact concealed. (4) The representation or concealment made or practiced with the intention that it shall be acted upon. (5) Action on the representation or concealment resulting in damage."
Aside from the fact that there was a wealth of evidence to the effect that both sets of plaintiffs were fraudulently induced to sign the installment lien notes upon their real property, the court's findings clearly support its determination that the inducement of plaintiffs to enter into these contracts by use of the referral sale arrangements was fraudulent. In its findings of fact and conclusions of law, the trial court specifically referred to the five elements of fraud required by Morrison v. Goodspeed, supra, and stated, "* * * This is one of the few cases where the elements of fraud have all come together. They are all here. * * *" Cf. Gross v. Appelgren, Colo., 467 P.2d 789; Mark II Electronics, Inc. v. Dotson, 163 Colo. 253, 430 P.2d 82; and Sentinel Acceptance Corp. v. Colgate, 162 Colo. 64, 424 P.2d 380.
In Olinger Mutual Benefit Association v. Christy, 139 Colo. 425, 342 P.2d 1000, it was stated:
"`It is well settled that courts should be very guarded in setting aside duly executed instruments, by requiring clear and convincing proof of the facts upon which they are sought to be avoided. This does not mean proof to a certainty, but *926 a mere preponderance of the evidence is not sufficient.'"
Viewing the trial court's findings of fact and conclusions of law as a whole, we hold that the above standard requiring clear and convincing proof of fraud was properly applied in this case, and the evidence was more than adequate to support such a finding.

II.
Defendant next alleges that the trial court erred and abused its discretion by imputing the fraud of the alleged agents to the principal and that it did not require sufficient proof necessary to establish that the agents had apparent authority to make the alleged representations. In support of this contention, defendant cites language from Erisman v. McCarty, 77 Colo. 289, 236 P. 777, which states that "a principal is not bound by the false representations of his agent made without his knowledge, consent, or authority. * * *"
In this case, however, there was ample evidence upon which the trial court could properly determine that defendant's salesmen had apparent authority to make the alleged representations. Thomas v. Colorado Trust Deed Funds, Inc., 10 Cir., 366 F.2d 140. See Moore v. Switzer, 78 Colo. 63, 239 P. 874. Testimony indicates that the representative's commission agreements were supplied to the salesmen by defendant; that these agreements had the words "Aqua Soft" in block letters at the top; and that these representative's commission agreements contained a provision which, in effect, referred to the salesmen as the "authorized agent" of Aqua Soft.

III.
Defendant further contends that the trial court erred in finding that fraud can be based upon a promise to do a future act. A close reading of the court's findings of facts and conclusions of law reveals that the court made no such finding. It found, on the other hand, that the salesmen and the defendant did not intend to follow up with the provisions of the representative's commission agreement when it was made and that this agreement was nothing but a "scheme." It is a well established rule that an intentionally false affirmation of opinion or belief being a misrepresentation of the state of mind of the speaker is actionable if the promisor had no intention of performing the promise at the time it was made. See Kuhn v. Seaton, 187 Kan. 106, 353 P.2d 959; Sime v. Malouf, 95 Cal.App.2d 82, 212 P.2d 946.

IV.
Defendant also contends that the trial court erred in awarding exemplary damages. We disagree. Clearly, exemplary damages can be awarded in an action for fraud. R.C.P.Colo. 101(d). In Holland Furnace Co. v. Robson, 157 Colo. 347, 402 P.2d 628, the Colorado Supreme Court set forth the pertinent criteria when it stated:
"* * * The principal cannot be held liable in exemplary damages for the act of an agent, unless it is shown that it authorized or approved the act for which exemplary damages are claimed; or, that it approved of or participated in the wrong of its agent; or, that it failed to exercise proper care in selecting its servants. Great Western Railway Co. v. Drorbaugh, 24 Colo.App. 188, 134 P. 168; Restatement (Second), Agency § 217C."
In this case, there appears to be more than sufficient evidence, and the court so found, that the defendant both authorized and approved of the wrong of his agent by supplying them with the "Representative's Commission Agreement."

V.
Defendant is correct in his assertion that the trial court erred in granting damages that included interest from the date of filing suit. It is the settled rule in Colorado that interest is not recoverable from the date of filing the complaint in an action for fraud and deceit. *927 Moreland v. Austin, 138 Colo. 78, 330 P.2d 136; Holland Furnace Co. v. Robson, supra.
Defendant's other claims of error are found to be without merit.
The judgment is affirmed with the exception of that portion pertaining to the award of interest. The matter is hereby remanded to the trial court to amend the judgment to award interest from the date of the judgment only.
SILVERSTEIN, C. J., and ENOCH, J., concur.