**BLUE DOLPHIN INVESTMENTS, LTD.,**
Plaintiff-Appellant,

v.

Alexander KANE, Warden M. Kane and the First National Bank of Colorado Springs, Colorado, Defendants-Appellees.

No. 83CA1118.

Colorado Court of Appeals, Div. I.

Aug. 16, 1984.

Warren, Mundt & Martin, P.C., Robert B. Warren, Colorado Springs, for plaintiff-appellant.

Horn, Anderson & Johnson, Gregory L. Johnson, James J. DuBois, Colorado Springs, for defendants-appellees.

BABCOCK, Judge.

Plaintiff, Blue Dolphin Investment, Ltd., appeals a judgment dismissing its claim for breach of contract, alleging that the trial court erred in excluding parol evidence of the parties' alleged agreement. We affirm.

Blue Dolphin purchased 33,132 shares of corporate stock from defendants. The written purchase agreement provided that the purchase price be secured by a "first deed of trust upon 350 acres of property in El Paso County, Colorado ...." It further provided that: "[A]ny Real Estate pledged as collateral under this contract, shall be released by Sellers upon closing a bonafide (sic) sale of said collateral."

Blue Dolphin brought suit against the defendants alleging, *inter alia*, that the contract did not accurately set forth the

agreement of the parties respecting the property. It alleged that, by contemporaneous oral agreement, defendants had agreed to release the property upon demand and that defendants' refusal to do so constituted a breach of that contract. At trial, the court excluded any evidence of the alleged oral agreement with regard to the property and entered judgment for defendants when Blue Dolphin offered no other evidence in support of its breach of contract claim.

On appeal, Blue Dolphin contends that the trial court erred in excluding evidence of the alleged contemporaneous oral agreement. We disagree.

In general, evidence of a contemporaneous oral agreement is inadmissible to vary or contradict the terms of an integrated contract. *See Knuppel v. Moreland,* 148 Colo. 242, 366 P.2d 136 (1961); *Restatement (Second) of Contracts* § 213 (1981). Here, it is undisputed that the written contract is an unambiguous, consistent expression of all the terms of the transaction between the parties and that the alleged oral agreement is inconsistent with those express terms. Parol evidence of the alleged oral agreement was therefore properly excluded. *Radiology Professional Corp. v. Trinidad Area Health Ass'n, Inc.,* 195 Colo. 253, 577 P.2d 748 (1978).

Blue Dolphin made an offer of proof indicating that the purpose of the written provision regarding security for its debt was to impede the exercise of the right of first refusal to purchase the stock by a third party by making it appear that Blue Dolphin was offering more security than the third party was willing to pledge. However, such offer does not bring the evidence within the exception permitting admission of parol evidence of fraud, mistake, or duress to show, as a threshold issue, whether a writing was assented to as a final expression of the parties' agreement.

We will not give effect to a contractual provision which has as its purpose wrongful preclusion of a third party's exercise of a valid contractual right. *Restatement (Second) of Contracts* § 194 (1981), which we here adopt, provides:

"A promise that tortiously interferes with performance of a contract with a third person or a tortiously induced promise to commit a breach of contract is unenforceable on grounds of public policy."

Judgment affirmed.

PIERCE and STERNBERG, JJ., concur.