## No. 9924.

### SCHMELZER *v.* CONDIT ET AL.

Decided December 6, 1920.  Rehearing denied February 7, 1921.

Action to enjoin the foreclosure of a mortgage on mining property.  Judgment for defendants.

*Affirmed.*

*On Application for Supersedeas.*

1. CONTRACTS—*Parol Evidence.*  Parol evidence of the circumstances surrounding the making of a written contract may be considered when the intent of the parties making the contract is not clear from its terms.

2.        *Construction.*  Written proposition for the sale of mining property, acceptance, commission contract and receipt, examined and held to constitute an option only.

*Error to the District Court of San Juan County, Hon. W. N. Searcy, Judge.*

Mr. FRANK L. ROSS, for plaintiff in error.

Messrs. RUSSELL & REESE, for defendants in error.

MR. JUSTICE TELLER delivered the opinion of the court.

PLAINTIFF in error brought suit against defendants in error to enjoin them from foreclosing a mortgage upon her interest in certain mining claims.

On the trial of the cause the court found for the defendants, and entered judgment accordingly.  Plaintiff in error now asks that the judgment be superseded and that a temporary injunction, which was vacated by said judgment, be continued in force pending the determination of the cause in this court.

The suit grew out of a transaction between plaintiff in error and defendant in error, Condit, in which she submitted to Condit the following proposition under date of August 30, 1911.

"Mr. E. C. Condit,

  Silverton, Colo.,

Dear Sir:

I am the owner of an undivided one-half interest in the following lode mining claims, located in the Eureka Mining District, San Juan County, Colorado, to-wit:

| | |
|---|---|
| The Copper King, | Survey No. |
| The Glengarry | Survey No. |
| The Dupont | Survey No. |
| The Kingston | Survey No. |
| The Buena Vista | Survey No. |
| The Little Sliver | Survey No. |

The above are patented and free from all incumbrances or counter claims, except a mortgage for $1000.00 held by Frank L. Ross, which I agree to pay off and cancel from the payments herein provided for.

I will sell you my interest as above described for the sum of Forty Thousand Dollars, payable as follows:

| | |
|---|---|
| Cash in hand | $250.00 |
| October 15th, 1911 | 250.00 |
| January 15th, 1912 | 750.00 |
| April 1st, 1912 | 1,250.00 |
| August 15th, 1912 | 2,500.00 |

and $2,500 each six months thereafter until you have paid me the sum of Twenty Thousand ($20,000) Dollars, and the balance due of Twenty Thousand ($20,000) Dollars, I hereby agree to accept in the capital stock of the company you propose to incorporate for the development of this and other properties, at 50% of its par value.

I wish it understood that on all payments, not paid promptly when due, that you shall pay me interest at the rate of 6% per annum, and I hereby agree to discount all payments made before they are due at the same rate.

I expect you to pay the amount due as taxes each year, and agree that you shall have full control of my interest in the said mines so long as this agreement remains in full force and effect, and I farther agree that I will, when the second payment is made, make and execute a full and sufficient warrantee deed for my undivided one-half interest in

the said mines, and place the same in escrow in such bank in Silverton, as you may desire, said deed to be delivered to you upon the completion of the payments named herein.

I also agree that I will give you credit for one-half the cost of obtaining an abstract of title to the said mines, to show that I have a good title thereto.

This proposition carries with it my interest in the buildings, steel tools, cars, rails, ore on the dump and in the stopes, and all other material now on the ground, or in the workings of the said mines, together with my hearty good will and best wishes for your success.

I make you this proposition for, and in consideration of the sum of One ($1.00) Dollar, the receipt of which I hereby acknowledge,

Respectfully Submitted,

Agnes A. Schmelzer."

Immediately below the plaintiff's signature to said proposition appeared the following: ·

"I hereby accept this proposition and agree to the conditions named therein this 30th day of August, 1911."

On the same date she gave to the defendant in error, Condit, the following writing:

"If you will undertake the sale of my one-half interest in the Copper King Group of Mines, as per contract entered into this day, I will pay you as a reward for your services, a commission of 20 per cent, on all payments made on the sale of said mines under the said contract, except on the first two payments, but the sum due thereon to be taken out of the third payment, and of the stock to be issued to me I will give you 100 per cent, and I hereby agree that when the said stock is issued, to me, I will assign to you the above proportion of the said stock.

Signed at Silverton, Colorado, this 30th day of August, 1911.

Agnes A. Schmelzer."

Plaintiff in error also gave to defendant in error, Condit, the following receipt, bearing the same date as the instrument above mentioned.

"Received of E. C. Condit $250.00 as the first payment on bond and lease for the Copper King Group of mines located in the Eureka Mining District, San Juan County, Colorado." This receipt was in the handwriting of plaintiff in error.

The trial court held that the proposition by plaintiff to Condit and the commission agreement on the same date should be read as one instrument, and that, reading them in connection with the plaintiff's receipt for the $250.00, they should be held to constitute an option, and not a contract of sale. The court reached its conclusion, however, after having heard evidence from the parties as to the circumstances under which the contract was made.

Plaintiff in error urges that the admission of such evidence was error, inasmuch as she contends there is no ambiguity in the contract. We think, however, that the case falls within the well established rule that the circumstances surrounding the making of the contract may be considered when the intent of the parties in the making of the contract is not clear from its terms. The acceptance of the original proposition, standing by itself, might properly be considered as making with the proposition, a contract of purchase and sale, but it is wholly inconsistent with the commission contract, and with the receipt written and signed by the plaintiff, in which the instrument is denominated a bond and lease. We are of the opinion that the trial court was justified in holding that the contracts formed an option only. That being so, Condit, was at liberty to enforce the mortgage against the property after having abandoned all claims under the option. It is not necessary therefore, to consider the other errors assigned.

For the reasons above stated, the supersedeas is denied and the judgment is affirmed.

MR. CHIEF JUSTICE GARRIGUES and MR. JUSTICE DENISON concur.