No. 18,359.

Nick Alley, Jr. *v.* James M. McMath.
(346 P. [2d] 304)

Decided November 9, 1959. Rehearing denied November 30, 1959.

Mr. WALTER J. PREDOVICH, Mr. A. T. STEWART, for plaintiff in error.

Mr. FRENCH L. TAYLOR, Mr. DAVID M. RALSTON, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

PLAINTIFF in error, to whom we will refer as plaintiff, brought an action to compel the removal of a fence erected by defendant around real estate to which plaintiff claimed title. The land thus enclosed by such fence was that area lying within the outer perimeter of a reservoir at its high water mark. Defendant in error, hereinafter referred to as defendant, claimed ownership of the reservoir. The trial court entered judgment for defendant, and plaintiff is here on writ of error directed to that judgment.

The validity of plaintiff's title to the land depends upon a deed from The Dick Abstract and Investment Company to one H. W. Kilpatrick. This deed was executed December 31, 1945. After setting forth the legal description of the land conveyed, which admittedly included the area beneath the water in the reservoir, the deed contained the following:

"Excepting all reservations contained in Patents from the United States, also excepting any and all easements and right of way for roads, highways, railroads, canals, ditches and telephone lines, and subject to all oil, gas leases on record, and all oil, gas and mineral rights not owned by us. Together with all ditches and water rights thereunto belonging or in anywise appertaining thereto including Butte Valley Ditch No. 1, Priorities Nos. 1, 9

and 86; under the Read Decree and Priority No. 111 under the Killian Decree."

Kilpatrick, the grantee in the above mentioned deed, conveyed to Kelly who in turn conveyed to plaintiff.

If the deed from the Investment Company to Kilpatrick is free from ambiguity then the judgment of the trial court should be reversed, and plaintiff should be granted the relief prayed for. The trial court concluded that the deed was ambiguous and heard parol evidence, and on the basis thereof dismissed plaintiff's action.

The deed is before this court and the question as to whether it is ambiguous is solely a question of law. We are, therefore, not bound by the finding of the trial court since no question of conflicting evidence or credibility of witnesses is involved. *Van Diest v. Towle,* 116 Colo. 204, 179 P. (2d) 984.

An examination of the deed in question leads to the conclusion, and we so hold, that it is not ambiguous and the trial court erred in holding to the contrary. It is fundamental that a written instrument cannot be enlarged upon or varied by parol unless its terms are so ambiguous as to render uncertain the intent of the parties thereto. Holding, as we do, that this deed is not ambiguous, it becomes unnecessary to consider other questions which a contrary holding would have made necessary.

The judgment is reversed and the cause remanded with directions to enter judgment in favor of plaintiff for removal of the fence.

MR. JUSTICE FRANTZ and MR. JUSTICE DOYLE concur.