495 P.2d 1144 (1972)
Charles F. BRANNAN and Daisy J. Vandapool, Plaintiffs-Appellants,
v.
REPUBLIC INSURANCE COMPANY, Defendant-Appellee.
No. 71-113.
Colorado Court of Appeals, Div. II.
April 4, 1972.
*1145 Williams, Erickson & Wallace, P. C., Wayne D. Williams, R. Neil Quigley, Denver, for plaintiffs-appellants.
Robinson & Henderson, Jack D. Henderson, Denver, for defendant-appellee.
Not Selected for Official Publication.
ENOCH, Judge.
This is an action by plaintiffs-appellants (owners) to collect for a fire loss under a fire insurance policy issued by defendant-appellee (Republic). Trial was to a jury and at the end of owners' evidence, Republic moved for a directed verdict which was granted by the trial court. We reverse.
The issue before this court involves the interpretation of an insurance policy covering owners' apartment house. Since the construction of a written instrument is a question of law for the court, the findings and conclusions of the trial court are not binding on the appellate court. Meier v. Denver U. S. National Bank, 164 Colo. 25, 431 P.2d 1019; Alley v. McMath, 140 Colo. 600, 346 P.2d 304.
Republic issued a basic fire policy to which was attached a rider or additional document entitled, "Apartment Building Form." A vacancy provision in the basic policy provided that Republic would not be liable for any loss occurring while the property was vacant beyond a period of sixty consecutive days. The attached rider set forth numerous conditions which were specifically directed to apartment type property. The first paragraph at the top of the back side of the rider states:
"Permission granted for the designated premises to be vacant or unoccupied without limit of time."
The apartment house in question had been vacant about seven months when the fire occurred and for this reason Republic denied coverage.
The issue presented is whether the vacancy provision in the rider modifies and supersedes the vacancy clause in the basic policy. Republic contends, and the trial court found, that the vacancy clause in the rider applied only to periods of time when the property was vacant for alterations and repairs because of an "Alterations and Repairs Clause," which appears near the bottom of the front side of the rider in heavier print than the vacancy clause, which is on the back side of the rider.
We do not agree with this interpretation. The rider consists of over fifty paragraphs printed in at least six different sizes of type used without apparent consistencies. *1146 None of the paragraphs or independent clauses are numbered, but, subdivision markings, i. e. (a), (b), (c), are used in some paragraphs. The "Alterations and Repairs Clause" has two unnumbered paragraphs on the front side in small print, followed by a statement in large block letters:
"The provisions printed on the back of this form are hereby referred to and made a part hereof."
Following this statement there is blank space, the form number and four more printed lines covering instructions to agents. At the top of the page on the back side, the vacancy provision quoted above appears as a separate paragraph, but without any of the heavier print. If this vacancy provision had been meant to apply only to alterations and repairs, there is space in the form where it could have been added as a third paragraph on the front side. The paragraphs could have been lettered (a), (b) and (c) as in some of the other clauses or the words, "during alterations and repairs", could have been added to the clause in its present position. Since the policy contains none of these alternatives, it would appear that the vacancy clause was intended to stand alone and modify all of the provisions of the policy.
Even if it is conceded that such an intention is not clear, there can be no doubt that the policy is ambiguous on this point. The law is well established that where there is an ambiguity, the insurance contract must be interpreted favorably to the insured and strictly against the insurance company, the party responsible for creating the ambiguity. Coxen v. Western Empire Life Insurance Co., 168 Colo. 444, 452 P.2d 16; Travelers Insurance Co. v. Jeffries-Eaves, Inc., 166 Colo. 220, 442 P.2d 822.
The vacancy clause in the rider stands as an independent clause modifying all the provisions of the policy and is not limited to the alterations and repairs clause. The sixty-day limit in the base policy is superseded by this vacancy clause in the rider. The provisions of a rider control if in conflict with provisions of the policy to which it is attached. 43 Am.Jur. 2d Insurance § 268.
Judgment is reversed and this cause remanded for further proceedings to determine the amount of the owners' loss.
COYTE and PIERCE, JJ., concur.