Loren J. THOMPSON, Plaintiff–
Appellant,

v.

CHEYENNE MOUNTAIN SCHOOL DISTRICT NO. 12; Charles Mobley, Carol Kliner, Al Kemper, John Cassiani, and Patrick Maggio, individually and as school board members, Defendants–Appellees.

No. 91CA1014.

Colorado Court of Appeals,
Div. V.

July 2, 1992.

Rehearing Denied Aug. 6, 1992.

Certiorari Granted Feb. 1, 1993.

Iuppa, Simons & Martin, Barney Iuppa, Colorado Springs, for plaintiff-appellant.

Weller, Friedrich, Ward & Andrew, Edward J. Godin, Steven L. Heisdorffer, Denver, for defendants-appellees.

Opinion by Judge RULAND.

Plaintiff, Loren J. Thompson, appeals from the summary judgment dismissing his claim for vacation pay. He contends the trial court erred in ruling that, under his employment contract with the defendant School District, he was not entitled to payment for unused accrued vacation time upon expiration of the contract. We reverse and remand for further proceedings.

The contract established a three-year term of employment with a $62,500 annual salary, plus fringe benefits, including 20 days of vacation a year. Thompson was required to take at least ten days of vacation annually, and he could accumulate no more than 60 days.

The parties extended the contract for an additional two years. When it expired in June 1990, Thompson had accumulated 33 unused vacation days.

Thompson brought this breach of contract action seeking $9,262.44 for the value of the unused vacation. He also asserted theories of recovery based on conversion and 42 U.S.C. § 1983 (1988). The trial court entered summary judgment dismissing the claims. The court ruled that the contract unambiguously provided that Thompson would not be paid for unused accrued vacation upon termination or expiration of the contract. In this appeal, Thompson challenges only the judgment dismissing his contract claim.

█ We are not bound by the trial court's interpretation of the contract, *see Littlehorn v. Stratford*, 653 P.2d 1139 (Colo.1982), and we agree with Thompson's contention that the trial court's interpretation is not correct. By its terms, the contract could terminate in five ways: (1) by expiration of the term of employment; (2)

by discharge for cause; (3) by agreement; (4) by abandonment or breach by Thompson; and (5) by termination without cause.

Only the paragraph on termination by the school board without cause contained an express provision that Thompson would not be entitled to fringe benefits such as vacation. This paragraph provided:

The BOARD may unilaterally terminate this agreement without cause upon payment of any compensation remaining due to SUPERINTENDENT under this agreement, provided, that said compensation shall be only that amount set forth in paragraph 3 above or as such amount may be subsequently modified by mutual written agreement and shall not include any other benefit provided SUPERINTENDENT as a consequence of this agreement, including, among other things, fringe benefits not received as a consequence of such termination, payment of employer contributions to P.E.R.A. for the balance received ... or any other benefit which might be enjoyed or claimed by SUPERINTENDENT as a consequence of this agreement.

As we read that provision, it governs only fringe benefits that would have accrued under the remainder of the contract term. Further, this provision does not apply upon *expiration* of the term of employment. As a result, we conclude that the contract fails to address whether Thompson is entitled to the vacation pay at issue.

█ Vacation pay provided by an employment contract is not a gratuity, but earned compensation. *See Hartman v. Freedman*, 197 Colo. 275, 591 P.2d 1318 (1979); *Public Service Co. v. Johnson*, 789 P.2d 487 (Colo.App.1990). Contrary to the District's argument, we do not consider it significant that the contract labelled vacation a fringe benefit rather than compensation. Under the contract, fringe benefits were things of value promised in exchange for Thompson's services and were, therefore, compensation.

█ *Hartman* is not dispositive, however, because there the issue was whether vacation pay due under a contract consti-

tuted wages subject to § 8–4–104, C.R.S. (1986 Repl.Vol. 3B). Here, the issue is whether Thompson is entitled to vacation pay for unused accrued vacation time when the contract fails to address that question.

This is an issue of first impression in Colorado. Courts in some jurisdictions have held that the right to accrue paid vacation implies the right to compensation for unused vacation time upon termination of the contract, absent an agreement to the contrary. *See National Rifle Ass'n v. Ailes,* 428 A.2d 816 (D.C.App.1981); *Die & Mold, Inc. v. Western,* 448 N.E.2d 44 (Ind. App.1983). Courts in other jurisdictions, however, have reached the opposite result, holding that there is no right to compensation for unused vacation time upon termination of an employment contract in the absence of an express agreement to that effect. *See Lim v. Motor Supply, Ltd.,* 45 Haw. 198, 364 P.2d 38 (1961); *Sweet v. Stormont Vail Regional Medical Center,* 231 Kan. 604, 647 P.2d 1274 (1982).

We conclude that the better rule is that which implies the right to compensation for unused vacation time upon termination of the contract, absent an express agreement to the contrary.

 We reach this conclusion because the contrary rule results in a forfeiture upon termination of the contract. Forfeitures are not favored, and contractual provisions seeking to effect a forfeiture must be stated in unambiguous language. *Cooley v. Big Horn Harvestore Systems, Inc.,* 813 P.2d 736 (Colo.1991). Further, we believe this rule is consistent with *Montgomery Ward & Co. v. Reich,* 131 Colo. 407, 282 P.2d 1091 (1955), in which our supreme court held that, absent an express agreement, termination of an employment contract does not result in forfeiture of fringe benefits consisting of a profit sharing plan.

We reject the District's argument that public policy considerations require the denial of Thompson's claim for vacation pay. Although § 8–4–101(6), C.R.S. (1986 Repl. Vol. 3B) exempts school districts from the statutes governing wages, districts are not exempt from the law of contract construction. School districts can avoid demands on their resources for vacation pay by expressly providing in employment contracts that there is no right to vacation pay for unused accrued vacation time upon termination of the contract.

The judgment is reversed, and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

STERNBERG, C.J., and NEY, J., concur.