**CHEYENNE MOUNTAIN SCHOOL DISTRICT # 12; Charles Mobley, Individually and as a School Board member; Carol Kliner, Individually and as a School Board member; Al Kemper, Individually and as a School Board member; John Cassiani, Individually and as a School Board member; and Patrick Maggio, Individually and as a School Board member, Petitioners,**

v.

**Dr. Loren J. THOMPSON, Respondent.**

No. 92SC573.

Supreme Court of Colorado, En Banc.

Nov. 1, 1993.

 

 
 

 
 
 
 

 
 
 
 

 

 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 
 

 ──────────────

Weller, Friedrich, Ward & Andrew, Edward J. Godin, Steven L. Heisdorffer, Denver, for petitioners.

Iuppa, Simons & Martin, Barney Iuppa, Colorado Springs, for respondent.

Justice VOLLACK delivered the Opinion of the Court.

We granted certiorari to decide whether the right to accrue vacation implies the right to compensation for unused vacation upon expiration of an employment contract, absent an agreement to the contrary; and whether the court of appeals erred by determining that the employment contract at issue in this case does not preclude recovery of cash compensation for vacation unused upon expiration of the contract.

Cheyenne Mountain School District No. 12 (the School District) petitioned this court to review the decision of the court of appeals awarding compensation for unused vacation time to the School District's superintendent at the expiration of his employment contract. The trial court had granted summary judgment in favor of the School District, ruling that the employment contract was not ambiguous and did not provide for payment for unused accrued vacation time. The court of appeals reversed, holding that the superintendent's contract with the School District was ambiguous, and reasoning that, absent an express agreement to the contrary, the superintendent had an implied right to the compensation. 844 P.2d 1235. We hold that the contract is ambiguous and affirm the result reached by the court of appeals, but for different reasons.[1]

## I.

Dr. Loren Thompson (Thompson) was employed as the Superintendent of Schools for the Cheyenne Mountain School District. His written contract provided for a "total compensation of $62,500.00 per annum"[2] and several fringe benefits, including twenty days of vacation each year. The contract required Thompson to take at least ten days of vacation each year, and he could accumulate up to sixty days from year to year. Thompson had to give the School Board thirty days' notice of his intent to take any vacation, which could not conflict with important school business.

Thompson's contract provided that the employment relationship could terminate in several ways: by expiration of the term of the employment; by discharge for cause; by agreement; by abandonment or breach by Thompson; and by termination without cause. Paragraph 17 of the contract explicitly addressed the disposition of his benefits if he were terminated without cause:

17. *Termination by the BOARD.* The BOARD may unilaterally terminate this agreement without cause upon payment of any compensation remaining due to SUPERINTENDENT under this agreement, provided, that said compensation shall be only that amount set forth in paragraph 3 above or as such amount may be subsequently modified by mutual written agreeement [sic] and shall not include any other benefit provided SUPERINTENDENT as a consequence of this agreement, including, among other things, fringe benefits not received as a consequence of such termination, payment of employer contributions to P.E.R.A. for the balance received, expense to professional meetings, use of a school vehicle or any other benefit which might be enjoyed or claimed by SUPERINTENDENT as a consequence of this agreement.

Although other paragraphs in the contract provided several additional ways that Thompson's employment relationship with the School District could end, only paragraph 17, the paragraph on termination without cause, addressed the disposition of Thompson's benefits on termination.

Thompson was hired initially by the School District for the period from July 1,

---

1. We do not reach the issue of whether a public employee is entitled to compensation for accrued vacation time that is unused at the expiration of his contract. Accordingly, our opinion is confined to the facts of this case. We return this case to the court of appeals with directions to remand to the district court for further proceedings consistent with this opinion.

2. Paragraph 3 stated in part as follows:

3. *Compensation.* In consideration of the total compensation of $62,500.00 per annum, SUPERINTENDENT hereby agrees to devote his full time, skill, labor and attention to this employment. . . .

1985, through June 30, 1988. His contract was extended for an additional two years. In June 1989, Thompson notified the School District that he did not intend to renew his contract when it expired on June 30, 1990. On the date the contract expired, Thompson had accrued thirty-three days of unused vacation, which was valued at $9,262.44.

Thompson made several demands for payment of the $9,262.44, but the School District refused to compensate him for the unused vacation time. In January 1991, Thompson filed an action in El Paso County District Court seeking to recover the value of his unused vacation. The School District and the individual defendants[3] filed a motion to dismiss the action under C.R.C.P. 12(b)(5) maintaining that it failed to state a claim upon which relief could be granted. The defendants' motion to dismiss was accompanied by the employment contract.

Based on the pleadings and the four corners of the employment contract, the trial court concluded that the contract was not ambiguous and construed it to deny Thompson compensation for his unused vacation. The court relied on the parties' failure to provide explicitly for the additional compensation in the contract; the paragraph fixing Thompson's compensation at $62,500 annually; and paragraph 17, which would have denied fringe benefits to Thompson if he had been terminated without cause by the School Board. The trial court determined that there were no genuine issues of material fact in the case. Because it considered matters outside the pleadings, the trial court treated the defendants' motion to dismiss as a motion for summary judgment,[4] and granted summary judgment in their favor.

Thompson then filed a motion to alter or amend the judgment, asserting that the trial court erroneously relied on paragraph 17 in its analysis of the contract, because that paragraph would only be applicable if Thompson's employment had been terminated without cause by the School Board. In support of his motion, Thompson attached an affidavit of the attorney who drew up the contract for the School Board, who was also a member of the Board at that time.[5] The trial court denied the motion to alter or amend the judgment, ruling that the information contained in the affidavit was not sufficient to make the agreement ambiguous.

The court of appeals reversed the decision of the trial court and held that Thompson was entitled to receive compensation for his unused vacation time. It first determined that Thompson's employment contract was ambiguous on the issue of compensation for unused vacation. Paragraph 17, the court of appeals reasoned, only applied when the School Board terminated the superintendent's position without cause. The contract was ambiguous about the disposition of his unused vacation if he left the employ of the School District in any other manner. Absent a specific agreement to the contrary, the court of appeals concluded, an employee has an implied right to compensation for unused vacation time on termination of his or her contract. To hold otherwise, the court of appeals declared, would result in forfeitures. Forfeitures are not favored, and contractual provisions seeking to effect a forfeiture must be stated in unambiguous language. *See Cooley v. Big Horn Harve-*

---

**3.** Thompson had joined several members of the School Board as individual defendants.

**4.** If, on a motion asserting the defense numbered (5) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56....

C.R.C.P. 12(b); *see also Alexander v. Morrison–Knudsen Co.,* 166 Colo. 118, 444 P.2d 397 (1968),

cert. denied, 393 U.S. 1063, 89 S.Ct. 715, 21 L.Ed.2d 706 (1969).

**5.** The affidavit stated that it had been the intent of the School Board when the contract was drafted to compensate Thompson for any vacation that was unused when his employment contract expired. The affidavit also claimed that it was School Board policy to compensate employees for unused vacation time at the conclusion of their contracts.

*store Systems, Inc.,* 813 P.2d 736 (Colo. 1991).

We granted certiorari to decide whether Thompson's employment contract was ambiguous as a matter of law, and to determine whether public employees, such as school superintendents, have an implied right to compensation for unused vacation time at the expiration of their employment contracts, absent an agreement to the contrary.

## II.

■ We first address whether Thompson's employment contract is ambiguous on the issue of compensation for unused vacation time. Reviewing courts are not bound by a trial court's decision on the ambiguity of a contract, which is a question of law. *Alley v. McMath,* 140 Colo. 600, 346 P.2d 304 (1959). To ascertain whether certain provisions of a contract are ambiguous, "the language used therein must be examined and construed in harmony with the plain and generally accepted meaning of the words employed and by reference to all the parts and provisions of the agreement and the nature of the transaction which forms its subject matter." *Christmas v. Cooley,* 158 Colo. 297, 301, 406 P.2d 333, 335 (1965). A document is ambiguous "when it is reasonably susceptible to more than one meaning." *Northern Ins. Co. of New York v. Ekstrom,* 784 P.2d 320, 323 (Colo.1989). In deciding whether a contract is ambiguous, a court "may consider extrinsic evidence bearing upon the meaning of the written terms, such as evidence of local usage and of the circumstances surrounding the making of the contract. However, the court may not consider the parties' own extrinsic expressions of intent." *KN Energy, Inc. v. Great Western Sugar Co.,* 698 P.2d 769, 777 (Colo.1985) (citations omitted), *cert. denied,* 472 U.S. 1022, 105 S.Ct. 3489, 87 L.Ed.2d 623 (1985); *see also Pepcol Mfg. Co. v. Denver Union Corp.,* 687 P.2d 1310, 1314 n. 3 (Colo.1984) (citing 4 S. Williston, *A Treatise on the Law of Contracts* § 601, at 311 (W. Jaeger ed. 1961)) ("In determining whether a contract is ambiguous, the court may condi-tionally admit extrinsic evidence on this issue.").

■ Once a contract is determined to be ambiguous, its interpretation becomes an issue of fact for the trial court to decide in the same manner as other disputed factual issues. *Union Rural Elec. Ass'n v. Public Utils. Comm'n,* 661 P.2d 247 (Colo. 1983); *Pepcol Mfg. Co.,* 687 P.2d 1310. Only after a contract is deemed ambiguous may the trial court use extrinsic evidence to assist it in ascertaining the intent of the parties. *Schmelzer v. Condit,* 69 Colo. 405, 195 P. 323 (1920); *see also Union Rural Elec. Ass'n,* 661 P.2d 247; *Pepcol Mfg. Co.,* 687 P.2d 1310. One type of extrinsic evidence that a trial court may use to interpret the ambiguous terms of a contract is parol evidence. Parol evidence is admissible to explain or supplement the terms of an agreement, but not to vary or contradict them. *Regan v. Customcraft Homes, Inc.,* 170 Colo. 562, 463 P.2d 463 (1970); *Hott v. Tillotson–Lewis Constr. Co.,* 682 P.2d 1220 (Colo.App.1983). A court should use parol evidence only when the agreement is so ambiguous that the intent of the parties is not clear. *McMath,* 140 Colo. 600, 346 P.2d 304.

## III.

■ The contract is silent on the specific question of whether Thompson is entitled to compensation for unused vacation at the expiration of his contract. Silence does not by itself necessarily create ambiguity as a matter of law. Silence does create ambiguity, however, when it involves a matter naturally within the scope of the contract. *Consolidated Bearings Co. v. Ehret–Krohn Corp.,* 913 F.2d 1224, 1233 (7th Cir.1990). Compensation for unused accrued vacation on expiration of Thompson's contract is a matter naturally within the scope of the contract.

The vacation-compensation component of the agreement between Thompson and the School Board is also ambiguous as a matter of law because it is subject to more than one reasonable interpretation. When read together and compared, different sections

of the employment contract support different interpretations of whether Thompson is entitled to compensation for his unused vacation time.

Central to this ambiguity is the question of whether to apply paragraph 17 to Thompson's situation. The School District argues that Thompson is not entitled to compensation and urges us to apply paragraph 17 of the contract, which would deny Thompson payment if he had been fired without cause by the School Board. Thompson counters by noting that paragraph 17 only applies to the unilateral termination of the contract by the School Board. He contends that, because the School Board provided unequivocally for the disposition of vacation compensation in the specific case of unilateral termination, its failure to provide at all for other forms of termination means that it did not intend to deny him vacation compensation in those cases.

Under the terms of the contract, Thompson's employment could terminate in five ways: (1) by expiration of the term of employment; (2) by discharge for cause; (3) by agreement; (4) by abandonment or breach by Thompson; and (5) by termination without cause. Only for the last, termination without cause, does the contract address the issue of whether Thompson would be compensated for unused vacation time. In that case, paragraph 17 applies and Thompson would not be compensated. The contract does not address the disposition of vacation pay if Thompson's employment terminated in any other way, including where, as here, the contract merely expired.

Another indication of the ambiguity of the contract is the phrasing of paragraph 3, which refers to Thompson's "total compensation of $62,500.00 per annum." This phrase could suggest that Thompson is not entitled to additional compensation for unused vacation time, since any additional payments would amount to more than a "total compensation of $62,500.00 per annum."

The contract further provides that the total number of vacation days Thompson could accrue was limited to sixty. The fact that the contract allows vacation time to accumulate from year to year suggests that a superintendent may have vacation time unused at the expiration of the contract period. The sixty-day cap may exist to limit the amount the School District would have to pay as compensation for unused accrued vacation when an employee's contract terminated.

Because Thompson's employment contract is ambiguous on the issue of compensation for unused vacation time, the parties will be free to introduce at trial evidence extrinsic to the four corners of the document. *Radiology Professional Corp. v. Trinidad Area Health Ass'n, Inc.*, 195 Colo. 253, 577 P.2d 748 (1978). Parol evidence will be admissible to assist the trier of fact in determining whether the parties intended that Thompson be compensated for the unused vacation time. *See McNichols v. City of Denver*, 120 Colo. 380, 209 P.2d 910 (1949). In case of doubt, a contract is construed most strongly against the drafter. *Christmas v. Cooley*, 158 Colo. at 302, 406 P.2d at 336.

## IV.

We find as a matter of law that Thompson's contract is ambiguous on the issue of compensation for unused vacation time. We do not reach the question of whether he is entitled to payment in this case. We expressly do not, at this time, adopt the ruling of the court of appeals that found an implied right to compensation for unused vacation time at the termination of a contract involving a public-sector employee. We return this case to the court of appeals with directions to return to the trial court for further taking of evidence to determine whether the parties intended that Thompson be compensated for the unused vacation.