51 F.3d 286
 130 Lab.Cas. P 57,873
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 RAYMOND H. RILEY ASSOCIATES, INC., Plaintiff-Appellee,
v.
Richard P. ROCHE, Defendant-Appellant.
 No. 94-1389.
(D.C. No. 93-N-1363)
 United States Court of Appeals, Tenth Circuit.
 April 4, 1995.
 ORDER AND JUDGMENT[1]
 
 1
 Before KELLY and SETH, Circuit Judges, and KANE,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Underlying this appeal is an employment dispute between defendant Richard Roche and plaintiff Raymond H. Riley Associates, Inc. (RHRA). The parties are familiar with the facts. Therefore, we will not repeat them here.[2]
 
 
 4
 Roche raises seven issues on appeal. Distilled to their essence, however, the challenges fall into three main categories. First, Roche argues the district court's factual findings are improper or erroneous. Second, he contends that the court miscalculated damages, including the punitive award. Finally, he maintains the court erred in rejecting his claim for unused vacation pay. We address these arguments in turn.
 
 
 5
 The district court's extensive factual findings are reviewed under the clearly erroneous standard. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 400 (1990). Using that standard, our review is limited. We may not overturn the district court unless we have a "definite and firm" conviction that a mistake was made, or if a factual finding lacks support in the record. See Las Vegas Ice & Cold Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Cir.1990) (additional citation omitted). We have reviewed the record carefully and conclude it supports the trial court's findings.
 
 
 6
 Roche's arguments to the contrary are unavailing. The inferences which the district court drew from the record evidence are appropriate. Moreover, the court's ultimate factual conclusion that Roche was the cause of RHRA's damages is not clearly erroneous. See Exxon Corp. v. Gann, 21 F.3d 1002, 1005 (10th Cir.1994) (noting that this court must uphold findings that are "permissible in light of the evidence"). Ultimately, it appears Roche is really taking issue with the trial court's decision to discredit his testimony. We will not, however, disturb that credibility determination. See Fed.R.Civ.P. 52(a) ("due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses").
 
 
 7
 We also uphold the trial court's calculation of damages. The court awarded damages based on a calculation of the profits RHRA lost when BOSC reneged on the contract. This was proper. See T.A. Pelsue Co. v. Grand Enters., Inc., 782 F.Supp. 1476, 1487 (D. Colo.1991) (describing appropriate damage calculation for breach of duty of loyalty under Colorado law); Memorial Gardens, Inc. v. Olympian Sales & Management Consultants, Inc., 690 P.2d 207, 212 (Colo.1984) (under Colorado law, measure of damages for claim of intentional interference with a contract is "the loss caused by the breach").
 
 
 8
 Contrary to Roche's suggestion, RHRA did not receive a windfall by virtue of the court's calculations. It is entirely proper to depart from straight contract damages where, as here, the claim is for tortious interference with a contract. Westfield Dev. Co. v. Rifle Inv. Assocs., 786 P.2d 1112, 1120 (Colo.1990). Moreover, the district court's formula reflects a fair analysis of the variables presented. We reject the invitation to disregard the court's award merely because the damages were difficult to assess. See Graphic Directions, Inc. v. Bush, 862 P.2d 1020, 1024 (Colo. Ct.App.1993).
 
 
 9
 Likewise, we affirm the trial court's decision ordering Roche to disgorge profits made as the result of breaching the duty of loyalty to RHRA. See Jet Courier Serv., Inc v. Mulei, 771 P.2d 486, 499-500 (Colo.1989); see also T.A. Pelsue Co., 782 F.Supp. at 1487 (disloyal former employee obligated to disgorge all compensation received during period of breach). All of the monies due Roche from BOSC flow directly from his successful efforts to interfere with the original contract. He did not submit any evidence at trial to show otherwise. Consequently, we reject his argument that less than the full amount need be credited to RHRA.
 
 
 10
 We also reject Roche's argument that the district court erred in making a punitive award. Under Colorado law, exemplary damages are proper where the plaintiff proves, beyond a reasonable doubt, that the stated injury was accompanied by willful and wanton conduct. Colo.Rev.Stat. 13-21-102(1)(a), 13-25-127(2). The district court's factual findings support this award. Consequently, we decline to accept Roche's argument to the contrary.
 
 
 11
 Finally, Roche takes issue with the district court's decision to deny him repayment on one unused vacation day.[3] The Colorado Court of Appeals has held that the right to payment for unused vacation time accrues on the date of termination. Thompson v. Cheyenne Mountain Sch. Dist. No. 12, 844 P.2d 1235, 1237 (Colo. Ct.App.1992), aff'd in part and rev'd in part on other grounds, 861 P.2d 711 (Colo.1993).[4] On that date, Roche was in breach of his duty of loyalty and, therefore, not entitled to compensation. Jet Courier Serv., 771 P.2d at 499. As a consequence, the district court did not err in ruling Roche forfeited compensation for his single remaining vacation day.
 
 
 12
 The judgment of the United States District Court for the District of Colorado is AFFIRMED. The matter is REMANDED to the district court for the sole purpose of calculating the pending attorneys' fee award under Colorado law.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [2]
 RHRA's request for attorneys' fees is still pending in the district court. This does not, however, affect our jurisdiction in this matter. See Cox v. Flood, 683 F.2d 330, 331 (10th Cir.1982)
 
 
 [3]
 The conclusion that Roche is not entitled to repayment for this small amount of vacation time is significant because it affects a potential award of attorney's fees to Roche. Under Colo.Rev.Stat. 8-4-104(3), an employer who unlawfully refuses to pay compensation due an employee is liable to pay a statutory penalty. See Jet Courier Serv., 771 P.2d at 500-501. Our disposition obviates the need to address this issue
 
 
 [4]
 In reversing the Court of Appeals on other grounds, the Supreme Court of Colorado expressly declined to reach the question whether, absent agreement, an employee can recover compensation for unused vacation time upon termination. See Cheyenne Mountain Sch. Dist., 861 P.2d at 716