HORNE ENGINEERING SERVICES, INC., Plaintiff–Appellant,

v.

KAISER–HILL COMPANY, LLC, Defendant–Appellee.

No. 02CA0615.

Colorado Court of Appeals, Div. IV.

May 8, 2003.

Flats Environmental Technology Site. The contract stated that the period of performance "shall be [the] date of award through June 30, 2000 with the following options" and listed six option periods.

In March 2001, Kaiser–Hill notified Horne it would not be exercising its second option to extend the contract term and that the contract would therefore terminate on September 30, 2001. Kaiser–Hill simultaneously issued a request for proposals from prospective subcontractors, including Horne.

Horne thereafter filed this action, seeking a declaration of its rights under the subcontract and an award of damages for alleged anticipatory breach of contract and improper interference with its employees. In its complaint, Horne alleged that the contract would not expire until September 30, 2006, the end of the last option period.

Kaiser–Hill moved to dismiss, arguing that the contract expired at the end of the first option period. In support of its motion, Kaiser–Hill submitted an affidavit and portions of the contract. In responding to the motion, Horne also submitted portions of the subcontract, as well as additional documents.

Because the parties had submitted materials outside the pleadings, the trial court treated the motion as one for summary judgment. The court granted the motion and entered a summary judgment of dismissal, concluding that no genuine issues of material fact existed and that, by its unambiguous terms, the contract had expired. The court further determined that the contract did not limit Kaiser–Hill's right to extend the term of the contract or prohibit Kaiser–Hill from soliciting new proposals for services to be performed after expiration of the term.

Judith Ward Mattox, Colorado Springs, Colorado, for Plaintiff–Appellant.

Rothgerber Johnson & Lyons LLP, Gilbert M. Roman, S. Kato Crews, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge KAPELKE.

In this breach of contract action, plaintiff, Horne Engineering Services, Inc., appeals the summary judgment entered by the trial court for defendant, Kaiser–Hill Company, LLC. We affirm.

Horne entered into a contract with Kaiser–Hill to provide services as a subcontractor in support of Kaiser–Hill's role as contractor for the Department of Energy at the Rocky

I.

■ Horne initially contends that the trial court erred in converting the motion to dismiss to one for summary judgment without providing adequate notice. We perceive no basis for reversal.

C.R.C.P. 12(b) provides that if, on a motion to dismiss for failure to state a claim, "matters outside the pleading are presented to

and not excluded by the court, the motion *shall* be treated as one for summary judgment and disposed of as provided in Rule 56" (emphasis added). *See Cheyenne Mountain School District No. 12 v. Thompson,* 861 P.2d 711 (Colo.1993); *Willer v. City of Thornton,* 817 P.2d 514 (Colo.1991).

■ When a court converts a motion to dismiss for failure to state a claim to one for summary judgment, "[i]t is important that the court give the parties notice of the changed status of the motion and a 'reasonable opportunity to present all material made pertinent to such a motion by Rule 56.' In this way no one will be taken by surprise by the conversion." 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1366 at 501–02 (2d ed.1990).

■ Nevertheless, when, as here, both parties submit material beyond the pleadings in support of or opposing a motion to dismiss, "the prior action on the part of the parties puts them on notice that the judge may treat the motion as a Rule 56 motion." *Wheeler v. Main Hurdman,* 825 F.2d 257, 260 (10th Cir.1987); *see also Collier v. City of Chicopee,* 158 F.3d 601, 603 (1st Cir.1998)(a plaintiff who incorporates materials outside the pleadings into an opposition to a Fed. R.Civ.P. 12(b)(6) motion to dismiss "implicitly invite[s] conversion ... [and] scarcely can be heard to complain when the trial court accepts the invitation"); *San Pedro Hotel Co. v. City of Los Angeles,* 159 F.3d 470 (9th Cir.1998); *cf. US West, Inc. v. Business Discount Plan, Inc.,* 196 F.R.D. 576 (D.Colo.2000)(reaching same conclusion with respect to conversion of motion for judgment on the pleadings to one for summary judgment).

Here, both parties submitted materials outside the pleadings, and the court considered those materials. Therefore, under these circumstances, we conclude that Horne was adequately put on notice that the trial court might treat the motion to dismiss as one for summary judgment.

Further, while Horne argues that it did not have an opportunity to conduct discovery, even on appeal it has not shown what discovery it would have conducted or what effect, if any, the resulting information could have had on the court's ruling.

Accordingly, we find no error.

## II.

Horne next contends that the trial court erred in ruling that the contract terminated at the end of the first extended option period. We disagree.

Summary judgment is a drastic remedy that is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. In reviewing a summary judgment ruling, we give the nonmoving party the benefit of all favorable inferences that may reasonably be drawn from the undisputed facts and resolve all doubts as to whether an issue of fact exists against the moving party. *Mancuso v. United Bank,* 818 P.2d 732 (Colo.1991). Once a moving party meets its initial burden of demonstrating an absence of issues of material fact, however, the nonmoving party must show, through affidavit or other supporting materials, specific facts creating a genuine issue for trial. *Sullivan v. Davis,* 172 Colo. 490, 474 P.2d 218 (1970).

■ In reviewing a ruling in a breach of contract action under Colorado law, our primary obligation is to effectuate the intent of the parties to the contract. *Ad Two, Inc. v. City & County of Denver,* 9 P.3d 373 (Colo. 2000).

■ An unambiguous contract must be enforced in accordance with the plain and ordinary meaning of its terms. *USI Properties East, Inc. v. Simpson,* 938 P.2d 168 (Colo.1997). A contract is ambiguous only if it is reasonably susceptible of more than one meaning. Whether a contract is ambiguous is an issue of law, and reviewing courts thus are not bound by the trial court's determination. *Cheyenne Mountain School District No. 12 v. Thompson, supra.*

■ Here, the contract provided in relevant part as follows:

F.2   Term of Subcontract

The Period of Performance of this Subcontract shall be date of award through June 30, 2000 with the following options:

Option Period 1—July 1, 2000 through September 30, 2001

Option 2—October 1, 2001 through September 30, 2002

Option 3—October 1, 2002 through September 30, 2003

Option 4—October 1, 2003 through September 30, 2004

Option 5—October 1, 2004 through September 30, 2005

Option 6—October 1, 2005 through September 30, 2006

F.3 Options to the Subcontract

Option(s) to extend the term of the Subcontract or increase/decrease quantities, if any, are identified in Section B. In the event the Option(s) are implemented, the following provisions shall apply:

(a) Contractor may extend the term or increase/decrease this Subcontract by written notice to the Subcontractor provided that the Contractor shall give the Subcontractor a preliminary written notice of its intent to do so at least 10 days before the Subcontract expires in accordance with the terms of the Subcontract.

(b) If the Contractor exercises this option, the extended or changed Subcontract shall be considered to include this option clause.

Both parties have taken the position that the contract is unambiguous, and the trial court so ruled. We agree. Under the plain language of the contract, the term of the contract was from the date of award to June 30, 2000. While the contract gave Kaiser–Hill the unrestricted option to extend the term for additional periods, if it elected not to exercise its option, the contract would terminate at the expiration of the original term. If it elected to extend for one or more of the option periods, the contract would terminate at the end of the last period for which it exercised that option.

In March 2001, Kaiser–Hill notified Horne of its decision not to exercise its option to extend the contract for any additional periods. Accordingly, by its terms, the contract terminated as of September 30, 2001.

Finally, we reject Horne's contention that Kaiser–Hill was not free to solicit new bids for the subcontract work for periods after September 30, 2001, or to alter the nature or scope of work to be performed under the subcontract that was to be the subject of the new request for proposals. As discussed, after that date, Kaiser–Hill had no further obligation to retain Horne to perform the subcontract work. Thus, Kaiser–Hill had the right to submit requests for proposals to others for work to be performed on the project after September 30, 2001. We therefore conclude that the trial court properly entered summary judgment for Kaiser–Hill.

The judgment is affirmed.

Judge ROTHENBERG and Judge DAILEY concur.