**E–470 PUBLIC HIGHWAY AUTHORITY, Petitioner–Appellant and Cross–Appellee,**

v.

**Rick Lynn WAGNER, individually and as personal representative of the estate of Wilbert E. Wagner; Gary Ron Wagner; and Terry Don Wagner, Respondents–Appellees and Cross–Appellants.**

No. 02CA0569.

Colorado Court of Appeals, Div. I.

Aug. 14, 2003.

Duncan, Ostrander & Dingess, P.C., Robert R. Duncan, Donald M. Ostrander, James Birch, Denver, Colorado, for Petitioner–Appellant and Cross–Appellee.

Hale Hackstaff Friesen, LLP, Timothy M. Tymkovich, Allan L. Hale, Amanda S. Atkinson, Denver, Colorado, for Respondents–Appellees and Cross–Appellants.

Opinion by Judge TAUBMAN.

In this eminent domain proceeding, petitioner, E–470 Public Highway Authority, appeals the trial court's judgment awarding attorney fees to respondents, Rick Lynn Wagner, Gary Ron Wagner, and Terry Don Wagner (collectively Wagners). The Wagners cross-appeal the trial court's award of prejudgment interest in the amount of $4,390.54 to E–470. We affirm.

Before filing a condemnation action, E–470 made a last written offer of $607,000 to the Wagners. E–470 initiated this lawsuit seeking immediate possession and condemnation of thirty-nine acres of the Wagners' property to construct a public highway. Several

months later, E–470 and the Wagners entered into a stipulation concerning immediate possession of the property, which was approved by the trial court. E–470 took possession of the thirty-nine acres and deposited $704,150 into the registry of the court. The amount of deposit was based upon E–470's appraised value of, and its estimate of just compensation for, the property. The stipulation allowed the Wagners to withdraw the money deposited into the registry of the trial court, and in return they agreed to pay interest on any amount taken to which they were not entitled. The Wagners withdrew $703,352.20 and left $797.80 in the registry for property taxes due.

The trial court appointed three commissioners to determine the value of the property taken. Two months before trial, E–470 filed a motion to amend the petition in condemnation, decreasing the amount of the property sought by condemnation by about ten acres. Specifically, the amended petition sought 27.7 acres in fee simple and two multi-use easements affecting about one acre. The Wagners did not object to the motion to amend the petition, subject to two conditions not relevant here. The trial court granted the motion on the first day of trial.

After a trial, the commissioners determined that the value of the twenty-nine acres taken was $574,070 and that there was no damage to the residue. The trial court also awarded attorney fees to the Wagners.

The trial court found that the Wagners must refund to E–470 the difference between the amount deposited into the registry and the amount awarded, as well as interest on the refunded amount. Only the award of prejudgment interest is the subject of this cross-appeal.

## I. Attorney Fees

■ E–470 contends the trial court erred in awarding attorney fees to the Wagners. We disagree, and conclude that the trial court properly applied the pertinent statute to the circumstances presented by E–470's seeking condemnation of a smaller parcel of property in its amended petition than it had originally sought.

Section 43–4–506(1)(h)(II)(B), C.R.S.2002, provides in pertinent part, "the court shall award the owner ... reasonable attorney fees and the reasonable costs of litigation incurred by such owner where the award by the court ... equals or exceeds one hundred thirty percent of the last written offer given to the property owner prior to the filing of the condemnation action."

At oral argument, counsel for E–470 abandoned its original contention that the trial court erred in awarding attorney fees to the Wagners because the plain and unambiguous language of the statute then in effect mandates attorney fees where the just compensation award exceeds the last written offer by 130% or more, rather than by 30% or more as interpreted by the trial court. *See* § 43–4–506(1)(h)(II)(B). Therefore, we do not address E–470's statutory construction argument to the contrary.

However, E–470 contends that the Wagners' compensation award did not exceed by thirty percent the last written offer, which was $607,000, so as to trigger the award of attorney fees. More specifically, E–470 argues that the trial court inappropriately adjusted the amount of E–470's last written offer by valuing the easement interest in the one acre at half the per acre value of the other condemned property, and that it did so by relying on the appraiser's trial testimony.

Because no new offer for twenty-nine acres was made, the trial court prorated the last written offer which was for thirty-nine acres, based on its calculation that the per acre value of that offer was $15,560. Using that per acre figure, the trial court concluded that the amount offered for the twenty-nine acres actually taken would have been $438,852.68. To compute this amount, the trial court multiplied the number of acres actually taken (27.703 acres in fee simple in the amended petition) by the value per acre of the last written offer ($15,560) and used E–470's appraiser's percentages to value the easements at $7,773.78 (.7016 and .2976 acres multi-use easement at 50% of the value of the fee interest portion). This prorated last offer of $438,852.68, including the reduced value for the easements, plus 30% equals $570,508.48. Because the final condemnation award,

$574,070, exceeded this amount, the trial court concluded that the Wagners were entitled to attorney fees under § 43–4–506(1)(h)(II)(B).

We conclude the trial court correctly applied the phrase "last written offer" to the circumstances here. First, the trial court prorated the last written offer based upon the taking of a smaller parcel of property than originally sought where the condemning agency did not make a new last written offer based upon the changes in the amount of land. The last written offer made by E–470 was to purchase thirty-nine acres in fee simple. However, the amended petition sought 27.7 acres in fee simple and approximately one acre for two multi-use easements.

Second, the trial court considered the limited nature of the easement interest acquired in the one-acre parcels, which were not included in the original condemnation petition. The last written offer by E–470 did not include acquisition of an easement interest, which is less than a fee simple interest in the property. Under these circumstances, the trial court properly relied on the testimony of E–470's own expert to value the easement at fifty percent of the per acre value of the condemned property.

■ We reject E–470's contention in this regard that the trial court erred in accepting this part of the expert's testimony, but not his testimony of a higher value for the condemned property than that contained in E–470's last written offer. Because the last written offer did not include an easement, it was incumbent upon the trial court to value the easements described in the amended petition. Relying on the testimony of E–470's own expert to arrive at such a value was not an abuse of discretion.

Applying these two steps, we conclude that the trial court's application of "last written offer" was consistent with the statute and was supported by the record.

In light of our disposition, we need not address E–470's remaining contentions that the trial court erred in imposing on the condemning agency a duty to make an amended offer and that the futility doctrine overrides any other duty to make an amended offer.

Accordingly, we find no error in the award of attorney fees under the circumstances here.

## II. Prejudgment Interest

■ On cross-appeal, the Wagners contend the trial court erred in determining that E–470 is entitled to $4,390.54 in prejudgment interest from the date of withdrawal of the deposit through the date of judgment. We do not agree.

The interpretation of the language of a contract is a question of law that appellate courts review de novo. *Rocky Mountain Health Maint. Org., Inc. v. Colo. Dep't of Health Care Policy & Fin.*, 54 P.3d 913, 919 (Colo.App.2001). "A court's primary obligation is to effectuate the intent of the contracting parties according to the plain language and meaning of the contract." *Albright v. McDermond*, 14 P.3d 318, 322 (Colo.2000). A contract is ambiguous if it is reasonably susceptible of more than one meaning. *Horne Eng'g Servs., Inc. v. Kaiser–Hill Co.*, 72 P.3d 451, 453 (Colo.App. 2003).

The parties' stipulation provided that, "[i]f the final award or verdict of just compensation is less than the [d]eposit, then the [Wagners] agree to refund to [E–470] the difference between the [d]eposit and the amount of the award or verdict of just compensation with appropriate interest."

Here, the Wagners assert that the amended petition filed by E–470 essentially nullifies the terms of the stipulation because the stipulation was based upon the taking of a parcel of property significantly different from that which was ultimately condemned. However, they did not object to the amended petition on that basis, nor did they seek to set aside or amend the stipulation in the trial court either before or after the motion to amend was granted.

The plain language of the stipulation provides for appropriate interest in the event the compensation award was less than the deposited award. It is undisputed that the Wagners had use of $703,352.20 during the period for which interest was requested. It is also undisputed that they were awarded

$574,070 as compensation for the taking of their property. Additionally, the Wagners did not seek compensation for the temporary taking of ten acres of their property which was used by E–470 during construction of the highway. Accordingly, we conclude the award of interest was appropriate here.

The judgment is affirmed.

Judge KAPELKE and Judge STERNBERG * concur.